## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| **MICHAEL BOWMAN,** individually and on behalf of all others similarly situated, | Case No. : |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | |
| **ART VAN FURNITURE, INC.**, a Michigan corporation, | **DEMAND FOR JURY TRIAL** |
| *Defendant.* | |

## <u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Michael Bowman ("Bowman" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Art Van Furniture, Inc. ("Art Van" or "Defendant") to (1) stop its practice of placing calls using an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, (3) to enjoin Defendant from calling consumers who are registered on the do not call registry, and (4) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Defendant Art Van is a furniture retailer that consists of approximately 35 full-line furniture stores through Michigan and parts of the Midwest.[1]

2.      Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business and increase its bottom line, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited phone calls to consumers' cellular telephones without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3.      By making these prerecorded calls, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

4.      The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to cellular telephones without first obtaining prior express written consent, as

---

[1] https://www.linkedin.com/company-beta/29088/?pathWildcard=29088

2

well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

## PARTIES

5.      Plaintiff Michael Bowman resides in White Lake, Michigan.

6.      Defendant Art Van is a corporation organized and existing under the laws of the State of Michigan with a principal place of business located at 4101 E. Grand River Ave., Howell, Michigan 48843.  Defendant conducts business throughout this District, the State of Michigan, and the United States.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant is incorporated and headquartered in this District, conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unsolicited prerecorded calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9.      Defendant is a retail furniture business throughout Michigan and the Midwest.

10.     In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a primary method by which Defendant recruits new customers.

11.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12.     Yet in violation of this rule, Defendant fails to obtain any prior express written consent to make these autodialed calls to cellular telephone numbers.

13.     In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention). In fact, Defendant advertises this ability on a job recruiting website "

14.     Furthermore, Defendant calls customers who have no "established business relationship" with Defendant and who are registered on the Do Not Call Registry.

15.     When placing these calls to consumers, Defendant failed to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

16.     At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

17.     Defendant knowingly made (and continues to make) unsolicited telemarketing calls without the prior express written consent of the call recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF BOWMAN

18.     On or about March 15th 2017, Plaintiff received a prerecorded telephone call on his cellular telephone from Art Van using phone number 517-552-0720.

19.     When Plaintiff answered Art Van's call, he was greeted by a prerecorded voice.

20.     The purpose of Art Van's call to Plaintiff was to solicit him to purchase furniture from Art Van in Howell, Michigan, and to take advantage of a sale that was currently taking place.

21.     Plaintiff has received multiple calls to his cell phone from Art Van promoting their services and sales.

22.     During all relevant times, Plaintiff did not have a relationship with Defendant, or any of its affiliated companies, or requested that Defendant place calls to him or offer him its services. Simply put, Defendant did not possess Plaintiff's prior express consent to place a telephone call to him using a prerecorded voice and has no business relationship with Defendant.

23.     By making unauthorized prerecorded telephone calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone. In the present case, a consumer could be subjected to many unsolicited prerecorded telephone calls as the Defendant does not take care to ensure that the recipients of its prerecorded calls have given their prior express written consent to be called.

24.     In order to redress these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to cellular telephones.

25.     On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited prerecorded telephone calling activities and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a prerecorded voice, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

6

27.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

28.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed prerecorded telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

29.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

> (a)  whether Defendant's conduct constitutes a violation of the TCPA;
>
> (b)  whether Defendant systematically made telephone calls to members of the Classes without first obtaining prior express written consent to make the calls;
>
> (c)  whether Defendant utilized an automatic telephone dialing system to make its calls to members of the Class;
>
> (d)  whether Defendant made prerecorded telephone calls to members of the Classes without first obtaining prior express written consent to make the calls;

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

(f) whether Defendant obtained prior express written consent to contact any class members.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

32.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

33.     Defendant made prerecorded telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

34.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

35.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

36.     By making the unsolicited telephone calls to Plaintiff and the Prerecorded No Consent Class members' cellular telephones without their prior express written consent, and by utilizing a prerecorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

37.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

38.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1.     An order certifying the Class as defined above, appointing Plaintiff Michael Bowman as the representative of the Class, and appointing his counsel as Class Counsel;

2.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

4.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6.     An order requiring Defendant to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7.     An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes;

8.     An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

10

9.      An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

10.      An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

11.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

12.      Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MICHAEL BOWMAN**, individually and on behalf of class of similarly situated individuals


Dated: May 17, 2017                         By:  ____/s/ Bradley J. Friedman_____
                                            One of Plaintiff's Attorneys

                                            Bradley J. Friedman, Esq.
                                            Law Offices of Bradley J. Friedman, Esq.
                                            30300 Northwestern Hwy, Suite 106
                                            Farmington Hills, MI 48334

                                            Steven L. Woodrow
                                            swoodrow@woodrowpeluso.com
                                            Woodrow & Peluso, LLC
                                            3900 East Mexico Ave., Suite 300
                                            Denver, Colorado 80210
                                            Telephone: (720) 213-0675
                                            Facsimile: (303) 927-0809

                                            *Attorneys for Plaintiff and the putative Classes*