## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL BOWMAN, individually and
on behalf of all others similarly situated,

      Plaintiff,

   v.

ART VAN FURNITURE, INC.,
a Michigan corporation,

      Defendant.

Case No. 2:17-cv-11630-NGE-RSW

Hon. Nancy G. Edmunds

Mag. R. Steven Whalen

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT IN PART AND TO STRIKE CLASS ALLEGATIONS

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT IN PART AND TO STRIKE CLASS ALLEGATIONS**

Defendant Art Van Furniture, Inc. moves under Federal Rules of Civil Procedure 12(b)(6) and 12(f) to dismiss Plaintiff Michael Bowman's Amended Class Action Complaint in part and to strike Plaintiff's class allegations.

1.   Plaintiff filed his initial Complaint on May 23, 2017 (ECF 1), and his First Amended Class Action Complaint on July 12, 2017 (ECF 8).

2.   Plaintiff's First Amended Complaint asserts that Art Van violated restrictions in the Telephone Consumer Protection Act ("TCPA") on calling a cell phone using a prerecorded voice (Count I) and on calling a phone number on the national Do Not Call list (Count II).  Plaintiff seeks to represent two putative classes, one for each of Counts I and II.

3.   On September 19, 2017, counsel for Art Van met and conferred with counsel for Plaintiff pursuant to Local Rule 7.1(a).  Art Van's counsel explained the nature of this Motion and its legal bases, but did not obtain concurrence in the relief sought.

4.   Art Van therefore moves to dismiss Plaintiff's First Amended Complaint in part and to strike its class allegations.

5.   *First*, Count I asserts that Art Van violated 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits making calls using a prerecorded voice "to any telephone number assigned to a . . . cellular telephone service."  Plaintiff does not

1

allege that any call was placed to his cell phone, but he alleges that he forwarded two calls from his landline to his cell phone.  Because Plaintiff has not alleged that Art Van ever called a number "assigned to a . . . cellular telephone service," the complaint fails to state a claim under § 227(b)(1)(A)(iii).

6.      Given that Plaintiff has failed to state a claim for violation of § 227(b)(1)(A)(iii), he cannot represent a class of persons with asserted claims under that provision.  Therefore, Plaintiff's purported class allegations with respect to Count I should be stricken.

7.      *Second*, Plaintiff asserts that he received a call from Art Van on March 14 or 15, 2017, but he does not provide any description of the nature or content of the call.  Consequently, Plaintiff has failed to state a claim that the March 2017 call violated the TCPA.

8.      *Third*, Plaintiff seeks treble damages for "willful or knowing" violations of the TCPA.  47 U.S.C. § 227(b)(3), (c)(5).  But Plaintiff does not allege that he informed Art Van that he did not consent to the alleged calls. Because Plaintiff does not allege that Art Van had actual notice of his asserted lack of consent, Plaintiff has failed to state a claim for willful or knowing violations of the TCPA.

9.      Given that Plaintiff has failed to state a claim for willful or knowing violations of the TCPA, he cannot represent a class of persons with those claims.

2

Therefore, Plaintiff's purported class allegations seeking enhanced damages should be stricken.

10.     *Fourth*, Plaintiff seeks to represent two classes, both of which he attempts to define to include only those potential class members who did not consent to receive calls from Art Van.  Because these are improper "fail-safe" classes that attempt to exclude potential class members whose claims would fail on the merits (thus shielding those potential class members from any adverse judgment), Plaintiff has failed to define certifiable classes, and his class allegations should be stricken.

11.     For the reasons set forth in this Motion and the accompanying Memorandum in Support, Art Van requests that this Court grant its Motion To Dismiss Plaintiff's First Amended Class Action Complaint in Part and To Strike Class Allegations.

WHEREFORE, Defendant Art Van respectfully requests that the Court grant its Motion To Dismiss Plaintiff's First Amended Class Action Complaint in Part and To Strike Class Allegations.

Cathrine F. Wenger (P38761)
Corporate Counsel
Art Van Furniture, LLC
6500 E. 14 Mile Road
Warren, MI 48092
(586) 983-3486
cwenger@artvan.com

Martin W. Jaszczuk (application for
admission pending)
JASZCZUK P.C.
311 S. Wacker Drive, Suite 3200
Chicago, IL 60606
(312) 442-0428
mjaszczuk@jaszczuk.com

By:  /s/ *Jeremy S.B. Newman*
Kevin B. Huff (application for
admission pending)
Jeremy S.B. Newman
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
khuff@kellogghansen.com
jnewman@kellogghansen.com

*Attorneys for Defendant Art Van Furniture, Inc.*

Dated: September 20, 2017

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL BOWMAN, individually and
on behalf of all others similarly situated,

      Plaintiff,

      v.

ART VAN FURNITURE, INC.,
a Michigan corporation,

      Defendant.

Case No. 2:17-cv-11630-NGE-RSW

Hon. Nancy G. Edmunds

Mag. R. Steven Whalen

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION
COMPLAINT IN PART AND TO STRIKE CLASS ALLEGATIONS**

# TABLE OF CONTENTS

Page

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES.......................... iii

TABLE OF AUTHORITIES ........................................................................iv

INTRODUCTION ......................................................................................1

BACKGROUND ........................................................................................3

LEGAL STANDARD..................................................................................5

ARGUMENT ............................................................................................7

I.    COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF
      DOES NOT ALLEGE THAT ART VAN MADE ANY CALLS
      TO HIS CELL PHONE NUMBER ................................................7

II.   PLAINTIFF'S CLAIMS ARISING OUT OF THE MARCH
      2017 CALL SHOULD BE DISMISSED ......................................10

III.  PLAINTIFF FAILS TO STATE A CLAIM FOR TREBLE
      DAMAGES................................................................................12

IV.   THE COURT SHOULD STRIKE THE CLASS
      ALLEGATIONS BECAUSE THE PUTATIVE CLASSES
      ARE IMPERMISSIBLE FAIL-SAFE CLASSES ........................16

CONCLUSION ........................................................................................20

**DEFENDANT ART VAN FURNITURE, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN PART AND TO STRIKE CLASS ALLEGATIONS**

**CONCISE STATEMENT OF ISSUES PRESENTED**

I.  Count I of Plaintiff Michael Bowman's First Amended Complaint asserts that Defendant Art Van Furniture, Inc. ("Art Van") violated the Telephone Consumer Protection Act ("TCPA") by making a call using a prerecorded voice "to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  Plaintiff alleges that he received two calls on his cell phone, but in both cases Plaintiff states that he forwarded the calls from his landline phone.  Does Count I state a claim under § 227(b)(1)(A)(iii) if both calls received on Plaintiff's cell phone were forwarded from his landline?

II.  Count I asserts that Art Van made calls using a prerecorded voice to a telephone number assigned to a cell phone, *see* 47 U.S.C. § 227(b)(1)(A)(iii), and Count II asserts that Art Van directed "telephone solicitations" or "telemarketing" to a phone number on the national Do Not Call list, *see* 47 C.F.R. § 64.1200(c)-(d).  Plaintiff alleges that he received one of four calls from Art Van on March 14 or 15, 2017.  Plaintiff does not claim to have heard a prerecorded voice on the March 2017 call, nor does he provide any description of the content or nature of the call.  Has Plaintiff sufficiently pleaded that the March 2017 call violated the TCPA?

III.  Plaintiff seeks treble damages for "willful or knowing" violations of the TCPA.  *See* 47 U.S.C. § 227(b)(3), (c)(5).  But Plaintiff does not allege that he informed Art Van that he did not consent to its calls.  Given that Plaintiff does not allege that Art Van had actual notice of his asserted lack of consent, has he stated a claim for willful or knowing violations of the TCPA?

IV.  Plaintiff seeks to represent two classes.  He attempts to define both classes to include only potential class members who did not consent to receive calls from Art Van, thereby excluding those whose TCPA claims would fail on the merits because they had consented to receive calls.  Such "fail-safe" classes are improper because, with a fail-safe class, if a potential class member's claim fails on the merits, then that class member is excluded from the proposed class and therefore not bound by an adverse judgment.  Should Plaintiff's class allegations be stricken as improper fail-safe classes?

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

### *General Authorities*

47 U.S.C. § 227(b)(1)(A)(iii), (b)(3), (c)(5)

47 C.F.R. § 64.1200(c)-(d)

Fed. R. Civ. P. 12(b)(6), (f)

## I.

*Am. Med. Sys., Inc.*, *In re*, 75 F.3d 1069 (6th Cir. 1996)

*Harper v. Credit Control Servs., Inc.*, 863 F. Supp. 2d 125 (D. Mass. 2012)

Second Order on Reconsideration, *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd 3788 (2005)

## II.

*See general authorities.*

## III.

*Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101 (11th Cir. 2015)

*Hamza v. Dunhams Athleisure Corp.*, No. 16-11641, 2017 WL 1077895 (E.D. Mich. Mar. 22, 2017)

*Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016)

*Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012)

## IV.

*Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011)

*Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015)

*Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076 (S.D. Ohio May 7, 2014)

# TABLE OF AUTHORITIES

Page

## CASES

*Am. Med. Sys., Inc.*, *In re*, 75 F.3d 1069 (6th Cir. 1996)........................................10

*Anderson*, *In re*, No. 09-33431, 2016 WL 3549103 (Bankr.
   W.D.N.C. June 21, 2016) ...............................................................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................5, 6

*Ayers v. Receivables Performance Mgmt., L.L.C.*, No. 2:15-cv-
   12082, 2016 WL 5402962 (E.D. Mich. Sept. 28, 2016) ................... 12-13, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).................................................5, 6

*Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247,
   (W.D. Wash. Mar. 30, 2015) ...............................................................9

*Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536
   (E.D. Mich. 2015)......................................................................6, 18, 19

*Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601,
   2013 WL 1154206 (N.D. Ill. Mar. 19, 2013) ...............................................13

*Currier v. PDL Recovery Grp., LLC*, No. 14-12179, 2017 WL
   712887 (E.D. Mich. Feb. 23, 2017).................................................13

*Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031
   (E.D. Mich. July 26, 2016) ......................................................15, 16

*Echevvaria v. Diversified Consultants, Inc.*, No. 13 Civ. 4980,
   2014 WL 929275 (S.D.N.Y. Feb. 28, 2014) ...............................................14

*Estate of Barney v. PNC Bank, N.A.*, 714 F.3d 920 (6th Cir. 2013).........................6

*Hamza v. Dunhams Athleisure Corp.*, No. 16-11641, 2017 WL
   1077895 (E.D. Mich. Mar. 22, 2017).......................................................15, 16

*Harper v. Credit Control Servs., Inc.*, 863 F. Supp. 2d 125
   (D. Mass. 2012) ...............................................................9

*Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888
(E.D. Mich. 2012) ...................................................................13, 14

*Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010,
2013 WL 5966340 (E.D. Mich. Nov. 8, 2013) ...............................14

*Johnson v. Cty. of Macomb*, No. 08-10108, 2008 WL 2064968
(E.D. Mich. May 13, 2008) ..............................................................6

*Lantzy v. Corizon Med. Servs.*, No. 2:16-CV-12871, 2016 WL
6083753 (E.D. Mich. Oct. 18, 2016) ...............................................6

*Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101
(11th Cir. 2015) ..........................................................................13, 14

*Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-
221, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ............................ 16-17, 18

*Maraan v. Dish Network, L.L.C.*, No. 1:13-cv-00436, 2014 WL
6603233 (S.D. Ohio Nov. 19, 2014) ..............................................14

*McBeth v. Credit Prot. Ass'n, L.P*, No. 8:14-cv-606-T-36AEP,
2015 WL 4429324 (M.D. Fla. July 20, 2015) .................................13

*Miller v. Timothy E. Baxter & Assocs., P.C.*, No. 1:14-cv-1117,
2015 WL 4922441 (W.D. Mich. Aug. 18, 2015) ...........................11

*Nadratowski v. Mortg. Elec. Registration Sys.*, No. 14-14010,
2015 WL 519242 (E.D. Mich. Feb. 9, 2015) ...................................6

*Noonan v. Ind. Gaming Co.*, 217 F.R.D. 392 (E.D. Ky. 2003) ...............10

*Norman v. N. Ill. Gas Co.*, No. 13 cv 3465, 2014 WL 184774
(N.D. Ill. Jan. 16, 2014) .................................................................12

*Patton v. Corinthian Colls., Inc.*, No. 13-14814, 2014 WL
1118467 (E.D. Mich. Mar. 20, 2014) .............................................11

*Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF
(FFMx), 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .................18

*Phan v. Convergent Outsourcing, Inc.*, No. 3:14-cv-84-J-25
JBT, 2015 WL 12856781 (M.D. Fla. Mar. 27, 2015) ......................9

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943
 (6th Cir. 2011) ...........................................................................20

*Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011) ....................16

*Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076
 (S.D. Ohio May 7, 2014) .........................................................18, 19

*Stanbury Law Firm v. IRS*, 221 F.3d 1059 (8th Cir. 2000) ........................................6

*Susan McKnight, Inc. v. United Indus. Corp.*, --- F. Supp. 3d ---,
 2017 WL 3174951 (W.D. Tenn. July 26, 2017).............................................15

*Zarichny v. Complete Recovery Servs., Inc.*, 80 F. Supp. 3d 610
 (E.D. Pa. 2015) ...........................................................................18

## STATUTES, RULES, AND REGULATIONS

Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227:

 § 227(b)(1)(A)(iii) ..........................................................5, 7, 8, 9, 10, 11, 18

 § 227(b)(1)(B)...........................................................................17

 § 227(b)(3) ..........................................................................2, 12

 § 227(b)(3)(C)...........................................................................5

 § 227(c)(5) ..........................................................................2, 12

47 C.F.R.:

 § 64.1200(c)..........................................................................5, 12

 § 64.1200(c)(2)(ii) .......................................................................17

 § 64.1200(d)........................................................................5, 12, 14

 § 64.1200(f)(12) .........................................................................12

 § 64.1200(f)(14) .........................................................................12

Fed. R. Civ. P.:

    Rule 12(b)(6) .................................................................................1

    Rule 12(f) ......................................................................................1

    Rule 23(a)(3)................................................................................10

    Rule 23(b)(2) .................................................................................4

    Rule 23(b)(3) .................................................................................4


## OTHER AUTHORITIES

1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*
    (3d ed. 1992)................................................................................10

1 *McLaughlin on Class Actions* (10th ed. 2013) ...................................19

Second Order on Reconsideration, *Rules and Regulations*
    *Implementing the Telephone Consumer Protection Act of*
    *1991*, 20 FCC Rcd 3788 (2005).....................................................8

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant Art Van Furniture, Inc. moves to dismiss Plaintiff Michael Bowman's first amended class action complaint in part and to strike the class allegations.

## INTRODUCTION

Plaintiff Michael Bowman's putative class action complaint, brought under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, should be dismissed in part, and the class allegations should be stricken.

*First*, Plaintiff fails to allege facts that would establish a violation of the statutory provision at issue in Count I of the complaint. Count I asserts that Defendant Art Van Furniture, Inc. violated the TCPA provision prohibiting prerecorded calls made to a number assigned to a cellular telephone service. *See* First Am. Compl. ¶ 41 (asserting that "Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii)"). That claim fails because Plaintiff never alleges that Art Van called his cell phone number. The complaint alleges only four calls, all of which were, according to the complaint, placed to Plaintiff's landline telephone. *See id.* ¶¶ 20-21, 23-24. Although Plaintiff forwarded two of the calls to his cell phone, the statutory language and the cases interpreting it make clear that calls forwarded to a cell phone from a landline are not actionable under the TCPA.

1

*Second*, Plaintiff's claims should be dismissed inasmuch as they are based on the March 2017 call alleged in paragraph 23 the complaint.  Plaintiff fails to allege the basic elements of any TCPA violation with respect to that call.

*Third*, Plaintiff's allegations fail to support the treble-damages remedy sought in the complaint.  The TCPA authorizes treble damages only upon a finding that the defendant "willfully or knowingly" violated the law.  47 U.S.C. § 227(b)(3), (c)(5).  Plaintiff, however, alleges no facts that would satisfy that standard.  In particular, that standard requires, at a minimum, proof that the defendant actually knew that the plaintiff did not consent to receive the calls at the number dialed, but Plaintiff alleges no such facts in this case.

*Fourth*, Plaintiff's class allegations fail on the pleadings because Plaintiff attempts to define impermissible "fail-safe" classes.  A fail-safe class is one that excludes potential class members whose TCPA claims would fail by including only those who did not give consent to receive calls.  Fail-safe classes are improper because, with a fail-safe class, if a potential class member's claim fails on the merits, then that class member is excluded from the class and therefore not bound by an adverse judgment.  Courts regularly strike class allegations similar to those Plaintiff has pleaded here.

# BACKGROUND[1]

Art Van owns or operates retail furniture stores throughout Michigan and the Midwest.  First Am. Compl. ¶ 9.  Plaintiff alleges that he received four telephone calls that were dialed to his landline telephone.  *Id.* ¶¶ 20-21, 23-24.  The first two calls resulted in a voicemail message on Plaintiff's landline voicemail.  *Id.* ¶¶ 20-21.  Plaintiff then "setup [*sic*] call forwarding to his cellphone."  *Id.* ¶ 23.  As a result, the third and fourth calls, which were also placed to Plaintiff's landline, were forwarded to Plaintiff's cellular phone.  *Id.* ¶¶ 23-24.  Plaintiff alleges that the third and fourth calls were "from Defendant."  *Id.*  Plaintiff does not allege who made the first or second calls but alleges generally that "calls are being made to consumers' telephones through [Defendant's] own efforts and their [*sic*] agents."  *Id.* ¶ 16.

Plaintiff alleges that the first, second, and fourth calls each resulted in a voicemail containing a prerecorded message.  *Id.* ¶¶ 20-21, 24.  In each instance, the message allegedly began with, "Hi Robert,"[2] and the speaker allegedly stated that he was an Art Van store manager.  *Id.*  According to the complaint, each message invited the recipient to a "special VIP party" at an Art Van store, at which

---

[1] This motion is based on the allegations in the first amended complaint.  Art Van does not admit the truth of Plaintiff's allegations.

[2] Plaintiff's name is Michael Bowman.  First Am. Compl. ¶ 5.  Plaintiff does not allege that he or anyone in his household is named Robert.

people could win prizes "just for coming." *Id.* None of the messages mentioned any of Art Van's products. *Id.* Plaintiff does not allege any facts about the third call other than that it was placed to his landline and that he forwarded it to and received it on his cellular phone. *Id.* ¶ 23. Plaintiff alleges that his residential telephone number is registered "on the do not call registry," *id.* ¶ 19, and that he did not consent to receive prerecorded calls from Defendant, *id.* ¶ 26.

Plaintiff seeks to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), on behalf of the following two putative classes:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's telephone, (3) using a prerecorded voice, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

> **Do Not Call Class:** All persons in the United States who (1) received more than one telephone call; (2) on a telephone number; (3) which had been listed on the National Do Not Call Registry for at least thirty days; (4) from (or on behalf of) Defendant that was made for the purpose of selling its products and services; and (5) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

*Id.* ¶ 30.

Plaintiff asserts two causes of action under the TCPA. Count I is asserted on behalf of Plaintiff and the Prerecorded No Consent Class. *Id.* ¶ 37. It alleges that

Defendant made telephone calls using an artificial or prerecorded voice without obtaining prior express written consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  *Id.* ¶ 41.  Count I does not assert that Defendant violated any other provision of the TCPA.

Count II is asserted on behalf of Plaintiff and the Do Not Call Class.  *Id.* ¶ 52.  Plaintiff asserts that Defendant violated 47 C.F.R. § 64.1200(c), one of the FCC's implementing regulations under the TCPA, by calling numbers registered on the National Do Not Call Registry.  *Id.* ¶ 49.  Plaintiff also asserts that Defendant violated 47 C.F.R. § 64.1200(d), which requires a company engaged in telemarketing to have written policies and procedures related to an internal do-not-call list.  *Id.* ¶ 50.

Plaintiff seeks statutory damages of $500 for each violation asserted in Count I and statutory damages of up to $500 for each violation alleged in Count II.  *Id.* ¶¶ 42, 55.  Plaintiff states that, "[i]n the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages."  *Id.* ¶ 43; *see also id.* ¶ 56.

## LEGAL STANDARD

"[U]nder the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), 'a complaint only survives a motion to dismiss if it contains

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Nadratowski v. Mortg. Elec. Registration Sys.*, No. 14-14010, 2015 WL 519242, at *1 (E.D. Mich. Feb. 9, 2015) (quoting *Estate of Barney v. PNC Bank, N.A.*, 714 F.3d 920, 924-25 (6th Cir. 2013)).  "While this notice pleading standard does not require 'detailed' factual allegations, it does require more than the bare assertion of legal conclusions or 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lantzy v. Corizon Med. Servs.*, No. 2:16-CV-12871, 2016 WL 6083753, at *1 (E.D. Mich. Oct. 18, 2016) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 678).

The "court has 'liberal discretion' to strike such filings as it deems appropriate under [Federal Rule of Civil Procedure] 12(f)." *Johnson v. Cty. of Macomb*, No. 08-10108, 2008 WL 2064968, at *1 (E.D. Mich. May 13, 2008) (quoting *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).  Where a complaint contains putative class allegations that are "legally impermissible" and defines a class that cannot be certified as a matter of law, the proper remedy is to strike those allegations from the complaint.  *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 n.1 (E.D. Mich. 2015).

## ARGUMENT

I. **COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT ALLEGE THAT ART VAN MADE ANY CALLS TO HIS CELL PHONE NUMBER**

Count I asserts that Art Van violated 47 U.S.C. § 227(b)(1)(A)(iii).  First Am. Compl. ¶ 41.  That provision prohibits making a call using a prerecorded voice "to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).[3]  Plaintiff's complaint fails to state a claim for violation of that provision because it does not allege that Art Van made any call to a telephone number assigned to Plaintiff's cellular telephone service.

The complaint alleges four calls, none of which were made to Plaintiff's cell phone number.  The first two calls allegedly were placed to Plaintiff's landline phone and resulted in a message left on Plaintiff's landline voicemail.  *See* First Am. Compl. ¶¶ 20-21.  Plaintiff does not allege that these calls had any relationship whatsoever to Plaintiff's cellular telephone service.

Plaintiff alleges that the third and fourth calls were placed to the telephone number assigned to his landline and that he set up call forwarding such that those calls were automatically forwarded to his cell phone.  *See id.* ¶¶ 23-24.  A call placed to a landline and forwarded to a cell phone is not a call made to a cell phone

---

[3] Section 227(b)(1)(A)(iii) also prohibits prerecorded calls to certain other categories of telephone numbers that are not mentioned in the complaint.

for purposes of the TCPA.  That is clear from the plain language of the TCPA, an order of the Federal Communications Commission (the agency responsible for administering the TCPA), and the cases interpreting § 227(b)(1)(A)(iii).

The text of the TCPA provision at issue applies to a defendant who "make[s] any call . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  What matters under that language is the telephone number actually called by the defendant.  If a defendant calls a residential number, and the recipient forwards the call to a cell phone, the defendant has not "ma[d]e" a call to the cell-phone number.  That ordinary meaning of the statutory language accords with common sense.  A caller has no way to know whether the recipient of a call will forward the call to a cell phone.  It would serve no statutory purpose to hold a caller liable based on the recipient's unilateral decision to forward a call to his or her cell phone.

The FCC has issued an order adopting that straightforward interpretation. As the FCC explained in a final order implementing the TCPA, "a call placed to a wireline number that is then forwarded, at the subscriber's sole discretion and request, to a wireless number or service, does not violate the ban on autodialed and prerecorded message calls to wireless numbers."  Second Order on Reconsideration, *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd 3788, ¶ 48 (2005) (footnote omitted).

8

Every court to address the issue has likewise held that a call placed to a landline and forwarded by the recipient to a cell phone does not violate § 227(b)(1)(A)(iii).  For example, in *Harper v. Credit Control Services, Inc.*, 863 F. Supp. 2d 125 (D. Mass. 2012), the evidence showed that the defendant placed the calls at issue to the plaintiff's landline and that the plaintiff forwarded the calls to her cell phone.  *Id.* at 127.  On the basis of that evidence, the court granted summary judgment to the defendant on the plaintiff's claim for a violation of § 227(b)(1)(A)(iii), because "it would not be reasonable for a jury to conclude from the record that [the defendant] placed calls to [the plaintiff's] cell phone in violation of the TCPA."  *Id.*[4]

In Count I, Plaintiff expressly asserts that Art Van violated § 227(b)(1)(A)(iii), and only § 227(b)(1)(A)(iii).  *See* First Am. Compl. ¶ 41. Because Plaintiff's allegations fail to state a claim for violation of the statutory provision on which Count I is expressly premised, Count I should be dismissed.

---

[4] *See In re Anderson*, No. 09-33431, 2016 WL 3549103, at *3 (Bankr. W.D.N.C. June 21, 2016); *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247, at *5 (W.D. Wash. Mar. 30, 2015) ("[A]ccording to the plain language of the TCPA, liability does not turn on whether a call was received on a cellular telephone but rather whether a call was made *to* a cellular telephone."); *Phan v. Convergent Outsourcing, Inc.*, No. 3:14-cv-84-J-25 JBT, 2015 WL 12856781, at *2 n.4, *4 (M.D. Fla. Mar. 27, 2015) (holding that plaintiff's claims under § 227(b)(1)(A)(iii) should be dismissed because his allegation that defendant "placed . . . calls to his cellular phone in violation of the TCPA . . . is false," where "the relevant calls were received on Plaintiff's landline and then forwarded to his cellular telephone").

In addition, because Plaintiff has no valid claim for a violation of

§ 227(b)(1)(A)(iii), in no event could he represent a class of persons asserting such

claims.  *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)

(typicality element of Rule 23(a)(3) requires that class representative's claims

" 'are based on the same legal theory' " as class members) (quoting 1 Herbert B.

Newberg & Alba Conte, *Newberg on Class Actions*, § 3-13, at 3-76 (3d ed. 1992));

*Noonan v. Ind. Gaming Co.*, 217 F.R.D. 392, 397-98 (E.D. Ky. 2003) (denying

class certification because class representative's claims "might also fail to be

typical of the legal theories of other class members, as the rule requires").

## II.   PLAINTIFF'S CLAIMS ARISING OUT OF THE MARCH 2017 CALL SHOULD BE DISMISSED

Plaintiff's claims arising from the March 2017 call alleged in paragraph 23

of the complaint should be dismissed because Plaintiff pleads no facts suggesting

that the call violated the TCPA.  Plaintiff alleges that he received four phone calls:

a call on December 8, 2016, First Am. Compl. ¶ 20; a call on February 1, 2017, *id.*

¶ 21; a call "[o]n either March 14, 2017 or March 15, 2017," *id.* ¶ 23; and a call on

June 14, 2017, *id.* ¶ 24.  With respect to three of those four calls, Plaintiff alleges

that a "prerecorded" message actually played on his voicemail, and the complaint

describes the content of the message.  *Id.* ¶¶ 20-21, 24.  By contrast, with respect to

the call Plaintiff allegedly received "[o]n either March 14, 2017 or March 15,

2017," Plaintiff does not allege that he received a "prerecorded" message.  *Id.* ¶ 23.

In fact, the complaint contains no allegations about what occurred on the March call.[5]

Because Plaintiff makes no allegations about the nature or content of the March call, the complaint does not state a claim that the March call violated 47 U.S.C. § 227(b)(1)(A)(iii) (Count I).  To state a claim under § 227(b)(1)(A)(iii), a plaintiff must allege, among other elements, that the defendant made a call using either an "artificial or prerecorded voice" or an "automatic telephone dialing system."  47 U.S.C. § 227(b)(1)(A)(iii).  Plaintiff makes no such allegation, *see* First Am. Compl. ¶ 23, and has therefore failed to state a claim under § 227(b)(1)(A)(iii) with respect to the March call.  *See*, *e.g.*, *Miller v. Timothy E. Baxter & Assocs., P.C.*, No. 1:14-cv-1117, 2015 WL 4922441, at *2 (W.D. Mich. Aug. 18, 2015) (dismissing a § 227(b)(1)(A)(iii) claim because "[p]laintiff has not alleged that the telephone call in question was placed by 'an automatic telephone dialing system or an artificial or prerecorded voice'").

Nor does the complaint plead a violation of the do-not-call regulations cited in Count II.  To state a claim for a violation of those provisions, the call must be a

---

[5] With respect to the March 2017 call, this is not a case where the complaint alleges that the defendant placed calls to the plaintiff "using an automated telephone dialing system ('ATDS') and prerecorded voice," but "does not allege the specific time and date of each alleged violation."  *Patton v. Corinthian Colls., Inc.*, No. 13-14814, 2014 WL 1118467, at *1, *2 (E.D. Mich. Mar. 20, 2014) (denying motion to dismiss).  Here, Plaintiff provides no information other than that he received a telephone call on March 14 or 15, 2017.

"telephone solicitation," 47 C.F.R. § 64.1200(c), or "telemarketing," *id.*

§ 64.1200(d); *see also id.* § 64.1200(f)(12), (14) (regulatory definitions).  Plaintiff

never asserts that the March call was a telephone solicitation or telemarketing, nor

does he allege any facts concerning the content or nature of the March call to

support such an inference.  *See* First Am. Compl. ¶ 23.  Plaintiff has therefore

failed to allege a violation of the do-not-call regulations.  *See*, *e.g.*, *Norman v. N.*

*Ill. Gas Co.*, No. 13 cv 3465, 2014 WL 184774, at *2 (N.D. Ill. Jan. 16, 2014)

(dismissing claim for a violation of the do-not-call regulations because plaintiff

failed to allege that the calls were "telephone solicitations").  Accordingly, Counts

I and II should be dismissed to the extent that they are based on the March call.

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR TREBLE DAMAGES

The TCPA authorizes discretionary treble damages for willful and knowing

violations.  *See* 47 U.S.C. § 227(b)(3), (c)(5).  The complaint seeks treble damages

"[t]o the extent Defendants' [*sic*] misconduct is determined to be willful and

knowing," *id.* ¶ 56; *see also id.* ¶¶ 33(f), 43, but it pleads no facts that would give

rise to a plausible inference that any alleged violations were in fact willful or

knowing.  Plaintiff's claims for enhanced damages therefore should be dismissed.

Courts have differed slightly in their articulation of the legal requirements

for treble damages in a TCPA case.  Some courts have stated that "the defendant

must know that its conduct is prohibited by the TCPA."  *Ayers v. Receivables*

12

*Performance Mgmt., L.L.C.*, No. 2:15-cv-12082, 2016 WL 5402962, at *8 (E.D. Mich. Sept. 28, 2016) (citing cases). Others state that "[t]he requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing the conduct that violates the statute." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015).[6]

Plaintiff's allegations fail to meet either of those standards. Under the first standard, the complaint contains no assertion that Art Van actually knew that it was (allegedly) violating the TCPA.

Plaintiff's complaint also fails to meet even the more plaintiff-friendly second standard. That standard requires a "'show[ing] that the Defendants knew that Plaintiff did not consent to the phone calls.'" *Currier v. PDL Recovery Grp., LLC*, No. 14-12179, 2017 WL 712887, at *10 (E.D. Mich. Feb. 23, 2017) (quoting *Harris*, 867 F. Supp. 2d at 895).[7] Showing that the defendant knew that the call

---

[6] Some courts have "simply require[d] that the act be intentional or volitional, as opposed to inadvertent." *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013). The Court in *Harris v. World Financial Network National Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012), correctly rejected that approach because "every violation of § 227(b)(1)(A) could be considered willful because every call would have been voluntarily made."

[7] *See also McBeth v. Credit Prot. Ass'n, L.P*, No. 8:14-cv-606-T-36AEP, 2015 WL 4429324, at *3 (M.D. Fla. July 20, 2015) ("[T]o establish a 'knowing' or 'willful' violation under the TCPA, a plaintiff must prove that the defendant knew, for example, that it did not have consent to call the plaintiff's cellular phone number.").

was placed is not sufficient, even if the call is later determined to have violated the TCPA. "Such a broad application" of treble damages "would significantly diminish the statute's distinction between violations that do not require an intent, and those [willful] and knowing violations that [C]ongress intended to punish more severely." *Harris*, 867 F. Supp. 2d at 895.[8] Accordingly, courts generally apply enhanced damages only if the defendant had actual notice from the plaintiff that he or she did not consent to be called.[9]

To state a claim for trebling under the TCPA at the pleading stage, a complaint must allege that the defendant had actual notice of the plaintiff's lack of consent: "a willful or knowing violation of [the] TCPA requires that Plaintiff has to *plead* that Defendant was made aware of/notified that Plaintiff did not consent to

---

[8] *See Lary*, 780 F.3d at 1107 (same); *see also Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340, at *7 (E.D. Mich. Nov. 8, 2013) ("[Plaintiff] contends that the faxes were sent on purpose, rather than accidentally, and thus treble damages are warranted. . . . [T]he Court will decline this request.").

[9] *See, e.g.*, *Maraan v. Dish Network, L.L.C.*, No. 1:13-cv-00436, 2014 WL 6603233, at *6 (S.D. Ohio Nov. 19, 2014); *Echevvaria v. Diversified Consultants, Inc.*, No. 13 Civ. 4980, 2014 WL 929275, at *11 (S.D.N.Y. Feb. 28, 2014); *cf. Ayers*, 2016 WL 5402962, at *8 ("assum[ing] without deciding that [the defendant] willfully violated § 227(b)(1)(A)(iii) by calling [the plaintiff] 22 times after being told that it had the wrong number").

The same actual-notice standard applies to the procedural requirements imposed on telemarketers by 47 C.F.R. § 64.1200(d). To distinguish willful or knowing conduct from run-of-the-mill TCPA violations, *see Harris*, 867 F. Supp. 2d at 895, Plaintiff must have alleged that Art Van had notice that it lacked the required procedures. The complaint includes no such allegation.

14

calls from Defendant." *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016) (emphasis added); *see id*. (granting motion to dismiss enhanced damages claim on that basis); *Hamza v. Dunhams Athleisure Corp.*, No. 16-11641, 2017 WL 1077895, at *5 (E.D. Mich. Mar. 22, 2017) (granting motion to dismiss TCPA enhanced damages claim because Plaintiff "has not alleged that he notified Defendant that he did not consent to the text messages sent by Defendant"). Courts routinely grant motions to dismiss claims for enhanced damages in other statutory contexts as well. *See*, *e.g.*, *Susan McKnight, Inc. v. United Indus. Corp.*, --- F. Supp. 3d ---, 2017 WL 3174951, at *6 (W.D. Tenn. July 26, 2017) (dismissing enhanced damages claim under the Patent Act).

Here, Plaintiff's complaint does not allege that Art Van had actual notice of any lack of consent. Plaintiff alleges that the calls he received from Art Van were directed at "Robert" (indicating a lack of intent to call Plaintiff) and included two opt-out options (press "1" during the call or dial the local Art Van store's toll-free number). *See* First Am. Compl. ¶¶ 20-21, 24. But Plaintiff never alleges that he took advantage of either opt-out method or that he informed Art Van that "Robert" no longer owned the telephone number. Because the complaint does not allege that Art Van ever called Plaintiff after receiving notice that he did not consent to be called at the telephone number in question, the complaint fails to state a claim for a

15

willful or knowing TCPA violation.  Furthermore, because Plaintiff has not

pleaded a willful or knowing TCPA violation, he cannot represent a class of

persons with enhanced damages claims.  *See Hamza*, 2017 WL 1077895, at *5

(dismissing enhanced damages claim from a class action complaint); *Duchene*,

2016 WL 3997031, at *7 (same).

## IV.    THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS BECAUSE THE PUTATIVE CLASSES ARE IMPERMISSIBLE FAIL-SAFE CLASSES

Plaintiff's putative classes are impermissible fail-safe classes.  A fail-safe

class is one that is defined in an attempt to include "only . . . those who are

'entitled to relief.' "  *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th

Cir. 2011).  Fail-safe classes are "improper" and "flawed" because they attempt to

"shield[ ] the putative class members from receiving an adverse judgment," thereby

enabling class members whose claims fail on the merits to relitigate their

individual claims on the basis of identical facts.  *Id.*  "Either the class members win

or, by virtue of losing, they are not in the class and, therefore, not bound by the

judgment."  *Id.*  Fail-safe classes also elide vital questions about class cohesion.

For example, a class definition that attempts to include only persons entitled to

relief may prevent the defendant from disputing – and the court from considering –

whether certain individual liability questions predominate over others.  *See Lindsay*

16

*Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221, 2013 WL 275568, at

*4 (E.D. Mo. Jan. 24, 2013).

Plaintiff's classes are fail-safe classes because they attempt to evade a

central liability question.  The conspicuously named "Prerecorded *No Consent*

Class" includes only persons "for whom Defendant claims it obtained prior express

written consent in the same manner as Defendant claims it supposedly obtained

prior express written consent to call the Plaintiff."  First Am. Compl. ¶ 30

(emphasis added).  Plaintiff alleges that "Defendant never obtained Plaintiff's prior

written . . . express consent."  *Id.* ¶ 26.  Thus, as its name suggests, the Prerecorded

No Consent Class definition attempts to exclude from the putative class those who

cannot establish a TCPA violation because they provided Art Van "prior express

consent."  47 U.S.C. § 227(b)(1)(B).  Similarly, the Do Not Call Class is defined to

include only persons "for whom Defendant had no record of express consent to

make such telephone calls at the time they were made."  First Am. Compl. ¶ 30.

That class definition attempts to exclude individuals who cannot establish liability

under the FCC's do-not-call regulations because they provided "prior express

invitation or permission."  47 C.F.R. § 64.1200(c)(2)(ii).

Courts regularly strike similarly defined TCPA classes as impermissible fail-safe classes where the class definitions exclude individuals who gave consent.[10] Such class definitions are impermissible in part because "[d]eciding who fell into Plaintiff's proposed class would 'require the Court to engage in an improper merits evaluation to determine who is in the class.' Each potential class member would be subject to a 'mini-hearing' on 'the merits of each case.'" *Pepka*, 2016 WL 8919460, at *4 (quoting *Lindsay Transmission*, 2013 WL 275568, at *4).

In *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015), for example, Judge Levy struck two TCPA classes that purported to include an individual only if he or she "did not *provide* his or her phone number to [the defendant]," *id.* at 539. Those were fail-safe classes because "'defining the class to include anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would

---

[10] *See*, *e.g.*, *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *8 (S.D. Ohio May 7, 2014) (granting motion to strike where "[e]ach of the Plaintiff's proposed classes is defined to include only those individuals who did not expressly consent to the receipt of the defendant's phone calls"); *Zarichny v. Complete Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015) (granting motion to strike where the "putative TCPA class is comprised of those people who received [defendant's] telephone calls without the recipient's 'prior express consent'") (quoting 47 U.S.C. § 227(b)(1)(A)(iii)); *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF (FFMx), 2016 WL 8919460, at *3-4 (C.D. Cal. Dec. 21, 2016) (granting motion to strike where the proposed class was limited to "those who 'revoked consent'"); *cf. Lindsay Transmission*, 2013 WL 275568, at *4 (granting motion to strike where "the proposed class consists solely of persons who can establish that defendant violated the TCPA").

be members of the class.'"  *Id.* (quoting *Sauter*, 2014 WL 1814076, at *9).  The

court was unmoved by the plaintiff's transparent attempt to avoid using the words

"without consent" in the class definitions, reasoning:

> Plaintiff is attempting to avoid the consequences of overtly defining his classes in terms of prior express consent by making consent an unspoken yet central implication of his classes.  Plaintiff's classes consist of those people who did not provide prior express consent to be contacted by defendants, and therefore can establish a violation of the TCPA.

*Id.* at 540.

So too here.  Plaintiff circuitously attempts to exclude those who gave

consent from the Prerecorded No Consent Class by defining it to include those who

gave consent "in the same manner as Defendant claims it supposedly obtained

prior express written consent to call the Plaintiff," First Am. Compl. ¶ 30, while

also alleging that Plaintiff did not give prior express consent, *id.* ¶ 26.  Here, as in

*Boyer*, consent is a "central implication" of the classes, making them fail-safe and

impermissible.  306 F.R.D. at 540.

Because Plaintiff's class definitions are defective on the face of the

pleadings, the Court should strike Plaintiff's class allegations.  *See id.* (granting

defendant's motion to strike class allegations on fail-safe grounds); *Sauter*, 2014

WL 1814076, at *2 ("'Most courts recognize that a motion to strike class action

allegations may properly be filed before plaintiffs have filed a motion for class

certification.'") (quoting 1 *McLaughlin on Class Actions* § 3:4 (10th ed. 2013));

*see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011)

("That the motion to strike came before the plaintiffs had filed a motion to certify

the class does not by itself make the court's decision reversibly premature.").

## CONCLUSION

Defendant Art Van respectfully requests that this Court grant its Motion to

Dismiss Plaintiff's First Amended Class Action Complaint in Part and To Strike

Class Allegations.

|  |  |
|---|---|
| | By: */s/ Jeremy S.B. Newman* |
| Cathrine F. Wenger (P38761) | Kevin B. Huff (application for |
| Corporate Counsel | admission pending) |
| Art Van Furniture, LLC | Jeremy S.B. Newman |
| 6500 E. 14 Mile Road | KELLOGG, HANSEN, TODD, |
| Warren, MI 48092 | FIGEL & FREDERICK, P.L.L.C. |
| (586) 983-3486 | 1615 M Street, N.W., Suite 400 |
| cwenger@artvan.com | Washington, D.C. 20036 |
| | (202) 326-7900 |
| Martin W. Jaszczuk (application for | khuff@kellogghansen.com |
| admission pending) | jnewman@kellogghansen.com |
| JASZCZUK P.C. | |
| 311 S. Wacker Drive, Suite 3200 | |
| Chicago, IL 60606 | |
| (312) 442-0428 | |
| mjaszczuk@jaszczuk.com | |

*Attorneys for Defendant Art Van Furniture, Inc.*

Dated:  September 20, 2017

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on September 20, 2017, a copy of the foregoing document was filed using the Court's CM/ECF system, with a notice of electronic filing to be generated and sent electronically by the Clerk of Court to all counsel of record, and sent by electronic mail to all non-CM/ECF participants.

/s/ *Jeremy S.B. Newman*
Jeremy S.B. Newman