# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**MICHAEL BOWMAN**, individually and on
behalf of all others similarly situated,

                            **Plaintiffs,**

v.

**ART VAN FURNITURE, INC.**, a Michigan
corporation,

                            **Defendant.**

Case No. 17-cv-11630-NGE

Hon. Nancy G. Edmunds

Mag. R. Steven Whalen

This Settlement Agreement and Release ("Settlement Agreement") is entered into by Plaintiff Michael Bowman ("Plaintiff" or "Bowman"), individually and on behalf of the Settlement Class, and by Defendant Art Van Furniture, LLC, a Delaware entity ("Defendant" or "Art Van").[1] Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

### I. RECITALS

**A.**    **WHEREAS**, on or about May 23, 2017, Plaintiff filed an alleged class action Complaint entitled *Michael Bowman v. Art Van, Inc.*, Case No. 17-CV-11630-NGE (E.D. Mich.) in the United States District Court for the Eastern District of Michigan, which was ultimately assigned to the Honorable Nancy Edmunds (the "Action") (Dkt. 1);

**B.**    **WHEREAS**, the Complaint in the Action alleges that Defendant violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by making telephone calls using a pre-recorded voice to telephones without first obtaining the prior express consent of the called party;

---

[1] Art Van Furniture, Inc., a Michigan corporation, converted to Art Van Furniture, LLC, a Delaware limited liability company.

C.      **WHEREAS**, Art Van was served and appeared in the matter on June 13, 2017 (Dkt. 4);

D.      **WHEREAS**, on July 12, 2017 Plaintiff filed a First Amended Complaint (dkt. 8); and on September 20, 2017, Art Van filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint in Part and to Strike Class Allegations ("Motion to Dismiss") (dkt. 18);

E.      **WHEREAS,** on October 25, 2017 Plaintiff filed his opposition to Art Van's Motion to Dismiss (Dkt. 22) and Art Van filed its Reply on November 13, 2017 (dkt. 25);

F.      **WHEREAS**, Defendant vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability, denies all material allegations of the Complaint, and denies that Plaintiff and the putative class members are entitled to any relief from Defendant;

G.      **WHEREAS**, counsel for the Parties have investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and have conducted a thorough assessment of the strengths and weaknesses of their respective claims and defenses;

H.      **WHEREAS**, counsel for the Parties have engaged in extensive arm's-length negotiations concerning the settlement of the claims asserted in the Action, including a full-day mediation session overseen by nationally-recognized mediator the Hon. Morton Denlow (Ret.) of JAMS Chicago, followed by numerous telephone conversations and other communications with the mediator;

I.      **WHEREAS**, Art Van, without admitting any liability, fault or wrongdoing, and taking into account the uncertainty and risks inherent in any litigation, has concluded that further defense of the Action would be protracted, burdensome and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Settlement Agreement, subject to Court approval. This

2

Settlement Agreement is inadmissible as evidence against either of the Parties except to enforce the terms of the Settlement Agreement;

**J.**     **WHEREAS**, Bowman, and his counsel, on behalf of the Settlement Class (as defined below), after receiving information from Art Van regarding his claims, including data concerning the number of phone calls made to Plaintiff and persons similarly situated, have concluded based upon their investigation, and taking into account the contested issues involved, the legal principles at issue, the expense and time necessary to prosecute the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Art Van on the terms set forth herein is fair, reasonable, and adequate, and in the best interest of the Named Plaintiff and the Settlement Class;

**K.**     **WHEREAS**, Bowman and his counsel, on behalf of the Settlement Class, has agreed to settle the Action with Art Van on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class or any other issue raised in the Action;

**L.**     **WHEREAS**, Plaintiff's Motion for Preliminary Approval will include a request for leave from the Court to certify the Settlement Class, comporting with the definition agreed-upon by the Parties and mirroring the definition set forth in Section II.36 below.

**M.**     **WHEREAS,** the Settlement contemplated by this Settlement Agreement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein. Absent such approvals, this Agreement and underlying settlement shall be null, void, and of no further force or effect and the parties shall be returned to their *status quo ante* as set forth at Article IV, Section 9. Effective upon such approvals, this Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the claims of the Settlement Class, upon and subject to the terms and conditions hereof; and

3

N.     **WHEREAS**, Art Van and counsel for Art Van have agreed to settle the Action with Plaintiff on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class, or any other issue raised in the Action.

**NOW, THEREFORE**, it is hereby agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the terms and conditions set forth herein and the approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice.

## II. DEFINITIONS

Unless defined elsewhere in this Settlement Agreement, as used herein and in the documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice versa.

1.     "Action" means the lawsuit captioned *Michael Bowman v. Art Van, Inc.*, Case No. 17-CV-11630-NGE (E.D. Mich.), including any and all appeals.

2.     "Award Unit" means a share of the Settlement Fund.

3.     "Claim Form" means the document substantially in the form attached hereto as Exhibit 1, as approved by the Court. The Claim Form shall be available on the Settlement Website where it can be submitted electronically and/or downloaded by a Class Member and submitted by mail.

4.     "Claimant Payment" means the distribution as described in Section III.1, to be paid from the Settlement Fund to each Settlement Class Member who submits a Valid Claim Form.

5.     "Claims Deadline" means ninety (90) days following the Court's grant of Preliminary Approval to this Settlement Agreement or such other date as set by the Court.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

6.     "Class Counsel" or "Settlement Class Counsel" means Steven L. Woodrow, Patrick H. Peluso, and Taylor Smith of Woodrow & Peluso, LLC and Stefan Coleman of the Law Offices of Stefan Coleman P.A.

7.     "Class List" means the list of certain names, addresses, and/or telephone numbers of Persons who may have been called using pre-recorded voice technology to be provided to the Settlement Administrator for the purposes of identifying and sending notice to potential Settlement Class Members.

8.     "Class Period" means the period from May 23, 2013 to the present.

9.     "Counsel for the Defendant" or "Defendant's Counsel" means Kevin B. Huff and Jeremy S.B. Newman of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. and Martin W. Jaszczuk of Jaszczuk PC.

10.    "Court" means the United States District Court for the Eastern District of Michigan, and United States District Judge Nancy G. Edmunds to which the Action is assigned, or any judge who may succeed her as Judge in the Action.

11.    "*Cy Pres* Recipient" means the Michigan Telecommunications and Technology Law Review and the American Civil Liberties Union of Michigan. Should the Court not approve the Michigan Telecommunications and Technology Law Review and/or the American Civil Liberties Union of Michigan as *cy pres* recipients, the *Cy Pres* Recipient shall mean any other such organization that the Court deems appropriate.

12.    "Defendant" or "Art Van" means defendant Art Van Furniture, LLC (f/k/a Art Van Furniture, Inc.).

13.    "Effective Date" means one (1) business day after the Court has entered a Final Approval Order and Judgment and that Final Approval Order and Judgment has become Final.

14.    "Fee Award" means any award of reasonable attorney's fees and for reimbursement of costs and expenses to be awarded by the Court to Settlement Class Counsel as set forth in Section VI below.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

15.    "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Action and that the following has occurred: (a) the time to appeal from such order and judgment has expired and no appeal has been timely filed, or (b) if an appeal from such order and judgment has been filed, it has resulted in an affirmance of the Final Approval Order and Judgment without any material change, no other appeal or petition for rehearing or review is pending, the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired, relief from a failure to file same is not available, and the mandate is filed with the Court, or (c) the Court, following the resolution of any appeal from the Final Approval Order and Judgment, enters a further order or orders approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

16.    "Final Approval Hearing" means the hearing at which the Court will be asked to grant final approval to this Settlement Agreement in all material respects as fair, reasonable and adequate, consider any timely objections to this Settlement Agreement, authorize the entry of a final judgment, and determine the amounts of the Fee Award and Incentive Award.

17.    "Final Approval Order and Judgment" means the order in which the Court certifies the Settlement Class, grants final approval of this Settlement Agreement, authorizes the entry of a final judgment, and dismisses the Action with prejudice.

18.    "Funding Date" means the date, which shall be no later than ten (10) business days after the Effective Date, on which Art Van shall deposit the balance of the Settlement Fund.

19.    "Incentive Award" means the payment to be made to the Named Plaintiff as set forth in Section VI.2 of this Settlement Agreement, subject to the approval of the Court in recognition for the Named Plaintiff's time and effort in prosecuting the case.

20.    "Internet Notice" means the notice of settlement substantially in the form of Exhibit 2 hereto as detailed in Section IV.3.f.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

21.    "Long Form Notice" means traditional "long form" notice to be made available on the Settlement Website, describing the terms of this Settlement Agreement and containing information on how to file a claim, opt-out of the Settlement Class, or object, and which will be made available in accordance with Section IV.3.g of this Settlement Agreement, substantially in the form of Exhibit 3 hereto.

22.    "Named Plaintiff" means Michael Bowman.

23.    "Notice Plan" means and refers to the plan to disseminate notice of the Settlement Agreement to the Settlement Class that comports with due process and that includes direct mail notice, internet publication notice, and a Settlement Website, as set forth in Section IV.3.

24.    "Objection Deadline" means and refers to the date set by the Court for Settlement Class Members to submit any objections to the Settlement Agreement, which shall be at least 14 (fourteen) days after the filing of Class Counsel's Motion for any Fee Award.

25.    "Opt-Out Deadline" means and refers to the date set by the Court for Persons who fall within the definition of the Settlement Class to submit any requests to exclude themselves from or opt-out of the Settlement, which shall be the same date as the Objection Deadline.

26.    "Parties" means the Named Plaintiff and Art Van.

27.    "Person" means, without limitation, any individual, and any entity including, without limitation, a corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any other business or legal entity and their respective predecessors, successors, representatives, and assigns.

28.    "Preliminary Approval Order" means the Court's Order described in Section IV.2 below and entered in connection with the hearing (the "Preliminary Approval Hearing") at which the Court, *inter alia*, preliminarily certifies the Settlement Class, grants its preliminary approval to this Settlement Agreement, authorizes dissemination of notice to the Settlement

7

Class, and schedules the Final Approval Hearing.

29.     "Release" means the releases set forth in Section V of this Settlement Agreement.

30.     "Released Parties" means Art Van, all of its acquired entities, predecessors, successors, affiliates, parent companies and subsidiaries, including Art Van Furniture, Inc. (collectively "Affiliates"), any other entities, including but not limited to Splice Software Inc., that may have been involved in the process by which class members received calls by or on behalf of Art Van, and any and all of Art Van's and its Affiliates' past or present predecessors, successors, heirs, executors, estates, administrators, direct or indirect parents, subsidiaries, associates, affiliates, assigns, employers, employees, principals, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, franchisees and persons, firms, trusts, corporations, and any other individuals or entities in which Art Van and its Affiliates have or had a controlling interest, to which they are related, or with which they are affiliated and any other representatives of any of these individuals or entities. Nothing in this paragraph, or in any other provision of this Agreement, should be construed as a release by Art Van of any claims that Art Van may have against Splice Software Inc. or any other entities that may have been involved in the process by which class members received calls by or on behalf of Art Van.

31.     "Releasing Parties" means the Named Plaintiff, all Settlement Class Members and: (a) with respect to any Settlement Class Member that is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors and any other representatives; and, (b) with respect to any Settlement Class Member who is an individual, any present, former, and future spouses, dependents, children, parents, and any other members of the household who used the telephone number at which calls from Art

8

Van were received, as well as the present, former, and future estates, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any other representatives of each of them.

32.    "Settlement Administration Costs" means any and all costs incurred in administering the Settlement, to be paid exclusively from the Settlement Fund, including but not limited to all costs associated with identification of Persons who fall within the definition of the Settlement Class, costs of executing the Notice Plan and disseminating all notices and Claim Forms, costs of administering and maintaining the Settlement Website, processing Claim Forms, and sending Settlement Checks to Settlement Class Members who submit Valid Claim Forms, but specifically excluding all class benefit payments, payment of any Incentive Award, and any award by the Court of Attorney's Fees and Costs.

33.    "Settlement Administrator" means Epiq Systems, an experienced third-party entity in the business of class action settlement claims administration, or such other third party settlement administrator approved by the Court.

34.    "Settlement Agreement" or "Settlement" or "Settlement Agreement and Release" or "Agreement" means this settlement agreement and release, including the attached exhibits.

35.    "Settlement Check" means the negotiable checks to be sent to those Settlement Class Members who submit approved Valid Claims pursuant to Section III below.

36.    "Settlement Class" means all individuals and entities who were called by or on behalf of Art Van Furniture through the use of pre-recorded voice technology between May 23, 2013 and the date of entry of the Preliminary Approval Order.

37.    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and who has not submitted a valid request to be excluded/opt out of the Settlement.

38.    "Settlement Class Representative" means Named Plaintiff Michael Bowman.

39.    "Settlement Fund" means the total aggregate common fund that Art Van will be obligated to pay by operation of this Settlement Agreement if it receives final approval from the

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

Court and the Judgment becomes Final. The Settlement Fund equals five million eight hundred seventy-five thousand dollars ($5,875,000.00 USD) and constitutes Art Van's exclusive and total payment obligation under this Settlement Agreement to settle the Action in full. The Settlement Fund will be used to pay: (a) the Settlement Checks to Settlement Class Members who submit Valid Claim Forms; (b) any Fee Award; (c) any Incentive Award approved by the Court; and (d) all Settlement Administration Costs. The Settlement Fund amount of five million eight hundred seventy-five thousand dollars ($5,875,000.00 USD) represents the total extent of Art Van's monetary obligations under this Agreement. The Settlement Fund shall be maintained in an interest bearing account if possible at a bank chosen by the Settlement Administrator ("the Settlement Bank Account"). The Settlement Administrator shall establish the Settlement Bank Account at a bank that is insured by the Federal Deposit Insurance Corporation and that has total assets of at least five-hundred million dollars ($500,000,000 USD) and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). Any costs associated with opening and/or maintaining the bank account to hold the Settlement Fund shall be deducted from the Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. Art Van shall deposit $250,000.00 of the Settlement Fund to cover initial expense of the Settlement Administrator within ten (10) business days of Preliminary Approval, and shall deposit the balance of the Settlement Fund on the Funding Date.

40. "Settlement Website" means the Internet website to be established, administered and maintained by the Settlement Administrator as set forth in Section IV.3.g of this Settlement Agreement.

41. "Short Form Notice" means written notice of settlement in the form attached hereto as Group Exhibit 4, to be sent in accordance with Section IV.3 of this Settlement Agreement, in a postcard format and, where email addresses are attainable, via email, no later than thirty (30) days after preliminary approval is granted, summarizing the terms of the

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

settlement and advising Persons who fall within the definition of the Settlement Class of their options in submitting a claim, excluding themselves, and objecting to the settlement.

42.     "Successful Opt-Out" means a Person who, pursuant to Section IV.4 of this Settlement and Fed. R. Civ. P. 23, exercises the right to be excluded from the Settlement by the Opt-Out Deadline, but shall not include (a) any Person whose communication is not treated as a request for exclusion, and (b) Persons whose requests for exclusion are not valid or are otherwise void pursuant to Section IV.4.

43.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* together with its implementing Regulations, 47 C.F.R. § 64.1200, *et seq.*

44.     "Valid Claim Form" shall mean a Claim Form that:

    a)     is filled out truthfully and completely by the Settlement Class Member or a person authorized by law to act on behalf of the Settlement Class Member in accordance with the directions and requirements for submitting a Claim Form in accordance with Section III of this Settlement Agreement;

    b)     contains the address of the Settlement Class Member;

    c)     is executed and certified by the Settlement Class Member for whom the Claim Form is being submitted (or by his, her or their legal representative), physically or electronically, with the required affirmation;

    d)     is timely, as judged by the fact that it is postmarked (if mailed to the Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the Settlement Website) by the Opt-Out Deadline set by the Court; and

    e)     is not successfully challenged. A Claim Form shall be treated as successfully challenged under the standards set forth in Section III.2 below.

45.     All references to days shall be interpreted to mean calendar days, unless otherwise noted. When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

46.     All references to "his," "her," and similar terms are intended to be gender-neutral, and apply equally to Persons who are businesses, organizations, or other non-natural Persons.

47.     Other terms are defined in the text of this Settlement Agreement and shall have the meaning given to those terms in the text. It shall be the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Settlement Agreement, unless otherwise specified.

### III.  SETTLEMENT CONSIDERATION AND CLAIMS PROCEDURE

In consideration of a full, complete and final settlement of the Action, dismissal of the Action with prejudice, and the releases set forth in Section V below, and subject to the Court's preliminary and final approval, the Parties agree to the following relief:

1.     **Relief to Settlement Class Members**

a.     No later than the Funding Date, Art Van shall deposit into the Settlement Bank Account five million eight hundred seventy-five thousand dollars ($5,875,000.00 USD) less an initial deposit of $250,000.00 to cover initial expenses of the Settlement Administrator, which initial deposit Art Van shall pay within ten (10) business days of the Order granting Preliminary Approval. Art Van shall have no payment obligations under this Settlement other than the Settlement Fund. In the event that this Settlement Agreement terminates or is not approved, any advances paid to the Settlement Administrator by Art Van that have not been spent, and are not required for amounts that are due and payable for reasonable and identified notice and administration costs already incurred, shall, within ten (10) business days, be returned by the Settlement Administrator to Art Van by payment to an account designated by Art Van.

b.     To facilitate the notice and claims administration process, Art Van and its counsel will provide to the Settlement Administrator and to Class Counsel, in an electronically searchable and readable format, the Class List. Any information on the Class List shall be provided solely for the purpose of providing notice to the Settlement Class and informing them about their rights further to this Settlement, shall be kept in strict confidence and, subject to a Stipulated Protective Order, shall not be disclosed to any third party other than the parties to this

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

Agreement and their counsel if necessary to effectuate the terms of the Agreement or the administration process, shall be used for no other cases, and shall be used for no other purpose.

       c.     Subject to the terms and conditions of this Agreement, Settlement Class Members shall qualify for payment from the Settlement Fund if they submit a Valid Claim Form before the Claims Deadline and the phone number they submit on their Valid Claim Form is on the Class List. Only one claim for each phone number that received an allegedly offending telephone call shall be permitted.

       d.     Each Settlement Class Member who submits a Valid Claim Form, qualifies for payment by having a number on the Class Lists, and is otherwise approved pursuant to Section III.2 shall be eligible to receive one (1) Claimant Payment equal to one (1) Award Unit, the value of which is to be determined by the following formula: Each Award Unit will have an equal monetary value determined by dividing the Net Settlement Fund (defined and calculated as the total Settlement Fund ($5,875,000.00 USD) less the sum of all Settlement Administration Costs, any Fee Award, and any Incentive Award to the Settlement Class Representative as approved by the Court) by the total number of Award Units (calculated based upon the number of eligible Class Members who file Valid Claim Forms).

       e.     Settlement Checks for the Claimant Payments shall be valid for ninety (90) days after issuance. Any funds associated with Settlement Checks not cashed by Settlement Class Members within that time will remain in the Settlement Fund unless such Settlement Check is returned as undeliverable to the Settlement Administrator within the 90-day period after issuance ("Returned Settlement Checks"). With respect to Returned Settlement Checks, the Settlement Administrator will make one (1) attempt at re-mailing to the address on file or to any updated address determined by using the national change of address registry. Re-mailed checks shall be valid for ninety (90) days after issuance of the re-mailing.

       f.     Any amounts remaining in the Settlement Fund after payment of all Claimant Payments, Administration Costs, Fee Award and Incentive Award will be paid to the

13

*Cy Pres* Recipient(s) approved by the Court. If there is more than one *Cy Pres* Recipient, the remaining amounts will be distributed in equal amounts to each *Cy Pres* Recipient.

g.   Notwithstanding any judgment, principle, or statute, there shall be no interest accrued, owing, or paid by Art Van on the Claimant Payments, or on the Settlement Fund, or on any other benefit available (or potentially available) under this Agreement.

2.   **Approved and Disputed Claims**

a.   Each Settlement Class Member who makes a timely claim shall have his or her claim reviewed by the Settlement Administrator. The Settlement Administrator shall review the claims, reject any claim where there is evidence of fraud, and advise the Parties, at a minimum, on a bi-weekly basis of the claims that are approved and denied. Class Counsel and Defendant's Counsel shall be entitled to contest the approval or denial of any claims ("Disputed Claims"), first through conferring with the other Party and the Settlement Administrator, and if they are unable to resolve such issues, they may seek assistance of the Court to resolve the issues at the earliest possible date, and to attempt to have a resolution before any fairness hearing. The Settlement Administrator shall be responsible for administering the Settlement and for receiving and keeping safe and secure all Claim Forms. The Settlement Administrator shall examine each Claim Form and determine if the Claim Form constitutes a Valid Claim Form eligible to receive the Claimant Payment described above.

b.   The Settlement Administrator shall identify any persons who submit Claim Forms that are incomplete and advise those persons in writing of the deficiencies in their Claim Forms providing them with at least thirty (30) days in which to cure any such deficiencies. In the event a person fails to cure the identified deficiencies within the 30-day period, the Settlement Administrator shall provide his or her contact information and the deficient Claim Form to Class Counsel and Defendant's Counsel. Class Counsel may call and follow up with the person. The period to cure will be closed thirty (30) days after Class Counsel receives a complete listing of any deficient Claim Forms.

3.   **Payment of Claims Administration Costs**

14

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

a.      All   Settlement   Administration   Costs,   including   the   Settlement Administrator's fees and expenses, shall be taken directly from the Settlement Fund. If this Settlement Agreement is terminated or fails to become effective, Art Van shall be responsible for payment to the Settlement Administrator of any claims administration costs and fees necessarily incurred by the Settlement Administrator prior to being notified that administration services are no longer required.

**4.      Payment of Benefits**

a.      Subject to the terms and conditions of this Settlement Agreement, after the Funding Date, the Settlement Administrator shall make the following disbursements from the Settlement Fund in this order:

i.      Pay all taxes and tax-related expenses, if any, or, at the Settlement Administrator's discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-related expenses;

ii.      Pay to the Settlement Class Representative any Incentive Award ordered by the Court;

iii.      Pay to Class Counsel any Fee Award ordered by the Court;

iv.      Pay all unreimbursed costs of claims administration;

v.      Mail or otherwise provide a Settlement Check in the amount of the Claimant Payment to each Settlement Class Member who has returned or submitted a Valid Claim Form and qualifies for payment by having a number on the Class List, and who has not opted out of the Settlement or had their claim rejected;

vi.      Upon the earlier of (1) the cashing of the last Settlement Check (including any Settlement Check that is resent in accordance with Section III.1.e), or (2) the passage of 195 days since the mailing of the last Settlement Check, the Settlement Administrator shall pay any amounts remaining in the Settlement Fund to the *Cy Pres* Recipient(s).

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

b.      The Settlement Checks shall be paid solely from the Settlement Fund and shall be mailed to the address provided by the Settlement Class Member on his or her Valid Claim Form.

c.      All Settlement Checks issued under this section shall be void if not negotiated within ninety (90) days of their date of issue and shall contain a disclosure to that effect. Settlement Checks issued pursuant to this section that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued unless agreed upon by the Parties. Counsel for the Parties shall meet and confer regarding any claims of lost checks no later than one hundred twenty (120) days of their date of issue.

d.      The Settlement Administrator's and the Parties' respective obligations with respect to the distribution of Settlement Checks, the Settlement Administration Costs, any Fee Award, any Incentive Awards, and the amount of unclaimed and uncashed Settlement Checks, if any, shall be performed reasonably and in good faith. So long as such obligations are performed in good faith, the Parties and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release and any judgment shall be effective, once this Agreement becomes Final.

**5.      Prospective Relief**

For a period of twenty-four (24) months following the Effective Date, and subject to changes in applicable law, Art Van agrees not to cause telemarketing calls to be placed to residential landline telephone numbers using pre-recorded voice technology without first obtaining the prior express written consent of the called party. Art Van also agrees to only contract with third-parties who affirmatively agree to abide by the TCPA and all related regulations in the placement of outbound telephone calls using pre-recorded voice technology.

**IV. SETTLEMENT PROCEDURES**

**1.      Settlement Class Certification**

a.      For purposes of this Settlement Agreement and the proceedings and certification contemplated herein, the Named Plaintiff, through his attorneys, will request: (i) that

16

the Court appoint the Named Plaintiff Michael Bowman as the Settlement Class Representative for the Settlement Class and (ii) that the Court appoint Bowman's counsel from the law firm of Woodrow & Peluso, LLC, Steven Woodrow, Patrick Peluso, and Taylor Smith, together with Stefan Coleman from the Law Offices of Stefan Coleman, P.A., as Settlement Class Counsel. Art Van agrees not to oppose any motion of Woodrow & Peluso, LLC or the Law Offices of Stefan Coleman, P.A. to be appointed as Class Counsel for the Settlement Class or to have the Named Plaintiff appointed as Settlement Class Representative, for settlement purposes only.

       b.     Defendant does not object to the certification of the Settlement Class strictly and solely for settlement purposes only. Certification of the Settlement Class will be effective only with respect to the Settlement of this Action and is without prejudice to the rights of Art Van to oppose class certification and/or to contest issues of liability in this Action should this Settlement Agreement be terminated or the Effective Date not occur for any reason. This Settlement Agreement shall be inadmissible in any other action against Art Van, and shall not be construed as an admission by Defendant as to any matter. In the event that this Agreement is terminated pursuant to its terms or the Effective Date does not occur for any reason, then certification of the Settlement Class, which is strictly and solely for settlement purposes only, will be vacated and of no further force or effect, and the Action will proceed as it existed before execution of this Settlement Agreement.

**2.**    **Preliminary Approval**

       a.     As soon as practical after the execution of this Settlement Agreement, Plaintiff shall move the Court for an Order granting Preliminary Approval to the Settlement Agreement. Art Van's failure to oppose the Plaintiff's request for entry of a Preliminary Approval Order shall not constitute an admission by Defendant as to any matter.

       b.     Such Preliminary Approval Order shall, *inter alia*:

           i.     preliminarily approve the Settlement as fair, reasonable, and adequate;

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

ii.    provisionally approve the Settlement Class for settlement purposes only;

iii.    approve the form and contents of the proposed Claim Form, Internet Notice, Long Form Notice, and Short Form Notice (post card and email versions) in forms substantially similar to those attached hereto as Exhibits 1, 2, 3, and 4, respectively, and authorize their dissemination to the Settlement Class;

iv.    find that the Notice Program set forth herein constitutes the best notice practicable under the circumstances and satisfies Due Process and Rule 23 of the Federal Rules of Civil Procedure;

v.    approve the requirement that Settlement Class Members submit a Valid Claim Form and have a telephone number on the Class List to obtain a Settlement Check;

vi.    set deadlines consistent with this Agreement for notifying the Settlement Class in accordance with the Notice Plan, the Claims Deadline, the Opt-Out Deadline, the Objection Deadline, and the filing of papers in connection with the Final Approval Hearing;

vii.    conditionally designate Named Plaintiff as the representative of the Settlement Class and Settlement Class Counsel as counsel for the Settlement Class;

viii.    approve the Settlement Administrator; and

ix.    set a date for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice.

**3.**    **Notice Plan and Claim Form**

a.    The Parties agree to provide the best notice that is practicable under the circumstances, including individual notice to Persons in the Settlement Class who may be identified through reasonable efforts.

b.    Art Van shall, within fourteen (14) days of entry of the Preliminary Approval Order, provide the Settlement Administrator and Class Counsel with the Class List. The Settlement Administrator shall use the Class List to take all steps reasonably necessary, including reverse phone look-ups of the phone numbers, to identify the owner of the numbers in

18

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

the Class List at the relevant time together with such Persons' last known mailing address and email address, where available. After identifying mailing addresses through this process, the Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updated mailing addresses, if available.

       c.    Within thirty (30) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice to each Class Member via first class mail for those Class Members for whom a mailing address has been obtained. Wherever an email address has been located, the Settlement Administrator will also email the Short Form Notice, in a form appropriate for email, to the email address. Neither the Parties nor the Settlement Class Administrator shall have any obligation to mail or email the Short Form Notice to any Settlement Class Member for whom no mailing address or email address could be located following the process set forth in III.3.b above. If and to the extent deemed necessary by the Settlement Administrator, the last known address of Persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Settlement Administrator may conduct a reasonable search to locate an updated address for any Person in the Settlement Class whose Short Form Notice is returned as undeliverable; (b) the Settlement Administrator shall update addresses based on any forwarding information received from the United States Post Office; and (c) the Settlement Administrator shall update addresses based on information it receives and through any requests received from Persons in the Settlement Class.

       d.    If any Short Form Notice sent under this Section is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Short Form Notice once to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Otherwise, the Settlement Administrator shall attempt to send notice via email. Other than as set forth in this paragraph, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail the Short Form Notice.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

e.      The Settlement Administrator shall have discretion to format the Short Form Notice and Claim Form in a reasonable manner to minimize mailing or administrative costs. Before the Short Form Notices are mailed, Class Counsel and Counsel for Defendant shall first be provided with a proof copy of any and all notices (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with any orders by the Court.

f.      The Settlement Administrator shall also create and implement a targeted programmatic digital media campaign for publication Internet Notice, as needed to accomplish sufficient reach to comport with due process. A proposed form of such Internet Notice is attached hereto as Exhibit 2.

g.      No later than twenty-one (21) days following the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Long Form Notice, a downloadable Claim Form that may be printed and mailed to the Settlement Administrator, an electronic version of the Claim Form that may be completed and submitted electronically, this Settlement Agreement and Exhibits, the Complaint, the Preliminary Approval Order, and any other relevant documents to be made available on a dedicated Settlement Website, the website name/URL for which is to be agreed upon by the Parties, to be administered by the Settlement Administrator. When available, the Settlement Administrator shall make available on the Settlement Website Class Counsel's application for a Fee Award and any motion seeking approval of any Incentive Award as well as the Final Approval Order. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by Class Counsel and Defendant's Counsel. Such approvals shall not be unreasonably withheld.

h.      Within thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall set up a toll-free telephone number that will provide automated information about the settlement, the Settlement Class Members' rights, important deadlines, and instructions as to how Settlement Class Members may request and obtain hard-copy settlement documents. That telephone number shall be maintained until the Claims Deadline. After that

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

time, and through the date the Final Approval Order is entered, a recording will advise any caller to the toll free telephone number that the Claims Deadline has passed and that details regarding the settlement may be reviewed on the Settlement Website.

i. Art Van and the Settlement Administrator shall be responsible for timely compliance with any notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Art Van shall provide proof of such compliance by filing a confirmation declaration with the Court at least fourteen (14) days prior to the Final Approval Hearing.

j. Claim Forms shall be returned or submitted to the Settlement Administrator via U.S. Mail or via submission through the Settlement Website, by the Claims Deadline or be forever barred.

### 4. Right and Effect of Members of the Class to Opt-Out

a. Each Person who falls within the definition of the Settlement Class shall have the right to opt-out and not participate in the Settlement Agreement as provided for in the Preliminary Approval Order.

b. The Short Form Notice and Long Form Notice shall explain the right to request exclusion from the Settlement Class and not to be bound by this Settlement Agreement, if, before the Opt-Out Deadline, the Person who falls within the definition of the Settlement Class (a "requester") completes and mails a valid request for exclusion ("Opt-Out") to the Settlement Administrator at the addresses set forth in the Notice. The Opt-Out must be postmarked on or before the Opt-Out Deadline.

c. For an Opt-Out request to be valid and treated as a Successful Opt-Out, it must include: (a) the requester's full name, address, and name of the Action (*i.e. Bowman v. Art Van*) and telephone number; (b) the telephone number at which the requester allegedly received a pre-recorded voice call that is the subject of this Settlement Agreement; (c) contain the requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the requester with respect to a claim or right such as those in the Action; and (d)

21

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

state unequivocally that the requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Art Van and Class Counsel of any Opt-Out requests it receives.

d.      Persons who submit complete Opt-Outs that are postmarked before the Opt-Out Deadline shall receive no benefit or compensation under this Settlement Agreement, shall have no right to object to the proposed Settlement Agreement or participate at the Final Approval Hearing, and shall not be bound by any order or judgment entered in this Action.

e.      A request to Opt-Out that does not comply with all of the foregoing, or that is not timely submitted or postmarked by the Opt-Out deadline, or that is sent to an address other than that set forth in the notice, shall be invalid and the person serving such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement and the Release contained herein if finally approved.

f.      No Person shall purport to exercise any exclusion rights of any other Person, or purport: (a) to opt-out Persons who fall within the definition of the Settlement Class as a group, aggregate, or class involving more than one Person; or (b) to opt-out more than one Person who falls within the definition of the Settlement Class on a single paper, or as an agent or representative. Any such purported opt-outs shall be void, and any Person(s) who are the subject of such purported opt-outs shall be treated as a Settlement Class Members.

g.      Before the Final Approval Hearing, Class Counsel, Counsel for the Defendant and the Settlement Administrator shall create a comprehensive list of successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from or on behalf of a Person who falls within the definition of the Settlement Class is a request to opt-out. Art Van or Class Counsel may dispute an Opt-Out or purported Opt-Out, and if the Parties are unable to resolve such dispute, they shall present the issue to the Court for resolution.

5.      **Inquiries from Settlement Class Members**

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

a.      It shall be the responsibility of the Settlement Administrator to respond to all inquiries from or on behalf of potential Settlement Class Members with respect to this Settlement except to the extent that inquiries are directed to Class Counsel. Class Counsel and Counsel for Defendant must both approve any FAQs or other materials the Settlement Administrator may use to answer inquiries and shall confer and assist the Settlement Administrator as it requests.

**6.      Objections to the Settlement and Appearance at Final Approval Hearing**

a.      Any Settlement Class Member may comment in support of, or in opposition to, the Settlement at his or her own expense; provided however, that all comments and/or objections must be in writing and mailed or hand-delivered to the Clerk of the Court and the Settlement Administrator and postmarked or delivered by no later than the Objection Deadline. Objections may be filed by counsel for a Settlement Class Member though any such counsel must file an appearance in the Action.

b.      Each objection must: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the telephone number of the Settlement Class Member at which the Settlement Class Member claims phone calls subject to the Settlement were received; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth the complete legal and factual bases for the objection, including citations to relevant authorizes; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vii) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

c.      All objections must be mailed or hand-delivered to the Court before the Objection Deadline. An objector is not required to attend the Final Approval Hearing. However, any Settlement Class Member who objects may appear at the Final Approval Hearing, either in

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

person or through an attorney hired at the his or her own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the underlying settlement. A Settlement Class Member or his or her attorney who wishes to speak at the Fairness Hearing must so state in his or her written objection or submit a separate notice of intention to appear to the Clerk of the Court no later than the Objection Deadline. Unless so permitted by the Federal Rules of Civil Procedure or the Local Rules of the presiding Court, no Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in a written objection but failed to do so.

d.      Any Settlement Class Member who fails to timely submit a written objection with the Court shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

7.      **Final Approval Hearing**

a.      The Parties will recommend that the Final Approval Hearing be scheduled for a date no more than seventy-five (75) days after the last date required for the mailing of the Notice and Claim Form. The Final Approval Hearing must be at least 100 days after Plaintiff moves for the entry of a Preliminary Approval Order.

b.      Class Counsel shall file their petition for any Fee Award no later than thirty-five (35) days prior to the Final Approval Hearing.

c.      No more than fourteen (14) days prior to the Final Approval hearing, the Settlement Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

d.      No later than fourteen (14) days before the Final Approval Hearing, Art Van shall file with the Court a certification that it complied with the CAFA notice requirements and stating the date of such compliance.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

e.      If the Settlement Agreement is preliminarily approved by the Court, and all other conditions precedent to the Settlement have been satisfied no later than fourteen (14) calendar days prior to the Final Approval Hearing, then Plaintiff shall file a Motion for Final Approval asking, *inter alia*, that the Court enter a Final Approval Order and Judgment, with Plaintiff filing a memorandum of points and authorities in support of the motion. Either Party may file a memorandum addressing any objection to the Settlement that has been submitted. Any request by Art Van for entry of the Final Approval Order and Judgment, or failure to object to Plaintiff's request for entry of the Final Approval Order and Judgment, shall not be an admission or concession by Art Van as to any matter pertaining to Plaintiff's claims.

f.      At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be finally approved as fair, reasonable, and adequate, whether any objections to the Agreement should be overruled, whether the requested Fee Award to Settlement Class Counsel and the requested Incentive Payment to the Class Representative should be approved, and whether a judgment finally approving the Settlement Agreement should be entered.

g.      This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and:

i.      finds that the notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

ii.      finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

iii.      finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in Section V, and that this Settlement Agreement should be and is approved;

25

      iv.    dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against Art Van in the Action, without fees or costs to any party except as provided in this Agreement; and

      v.    retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

**8.**    <u>**Litigation Stay**</u>

    a.    Except as necessary to secure approval of this Settlement Agreement or as otherwise provided herein, the Parties shall take no further steps to prosecute the Action in this Court or in any other court. In the event the Settlement Agreement is not approved or is terminated according to its terms, the Parties may resume litigation no sooner than fourteen (14) days after such event or as otherwise directed by the Court.

**9.**    <u>**Conditions of Settlement; Effect of Disapproval, Cancellation, Termination or Nullification of Settlement**</u>

    a.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

      (i)    This Agreement has been signed by the Parties, Settlement Class Counsel and Defendant's Counsel;

      (ii)    The Court has entered an order granting Preliminary Approval of the Settlement Agreement;

      (iii)    The Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

      (iv)    The Final Judgment has become Final.

    b.    If some or all of the conditions specified in Section 9(a) are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth

26

in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be cancelled and terminated subject to Section 9(c) below, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the Incentive Award to the Class Representative, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

     c.    Plaintiff and Art Van shall each have the right to unilaterally terminate this Settlement Agreement by providing written notice of his, her, their or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

     i.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

     ii.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

     iii.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a material way, unless such modification or amendment is accepted in writing by all Parties;

     iv.    the Effective Date does not occur; or

     v.    any other ground for termination provided for elsewhere in this Agreement occurs.

     d.    If, at the conclusion of the Opt-Out Deadline, more than two hundred fifty hundred (250) valid Opt-Outs have been received, Art Van shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement within ten (10) calendar days after the Opt-Out Deadline.

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

e.     If either Plaintiff or Art Van terminates this Settlement Agreement as provided herein, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, any orders entered by the Court in connection with this Agreement shall be vacated, and this Settlement Agreement shall not be used for any purpose whatsoever against any of the Parties. However, any payments made to the Settlement Administrator for services rendered to the date of termination shall not be refunded to Art Van.

## V. RELEASE

### 1.     Releases; Binding and Exclusive Nature of Settlement Agreement

a.     In connection with the Settlement, the Final Approval Order and Judgment shall provide that the Action is dismissed with prejudice as to the Named Plaintiff and all Settlement Class Members. As of the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, resolved, relinquished and discharged each and all of the Released Parties from each of the Released Claims and Unknown Claims (as defined below). The Releasing Parties further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims and Unknown Claims. The release does not apply to Persons who fall within the definition of the Settlement Class who timely opt-out of the Settlement in accordance with the terms of this Agreement. The release also does not preclude Settlement Class Members from addressing, dealing with, or otherwise complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement Agreement.

b.     "Released Claims" means any and all claims (including Unknown Claims), causes of action, suits, obligations, debts, demands, agreements, promises, rights, extra-

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

contractual claims, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, potential or filed, accrued or unaccrued, claimed or unclaimed, individual or representative, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, direct or punitive, multiplied or compensatory of every nature and description whatsoever arising out of any violation of the TCPA or any other telephone- or telemarketing-related federal, state, or local, law, rule, regulation or ordinance.

      c.    "Unknown Claims" means claims that could have been raised in the Action and that the Releasing Parties do not know or suspect to exist, which, if known by them might affect their agreement to release the Released Parties or the Released Claims or might affect their decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## VI.  ATTORNEY'S FEES AND INCENTIVE AWARD

1. **Fee Award and Costs**

    a.    No later than fourteen (14) days before the Objection Deadline, Class Counsel may make written application to the Court for a Fee Award not to exceed, in the aggregate, one-third (33.33%) of the $5.875 million Settlement Fund (or one million nine hundred thousand one hundred thirty-seven dollars and fifty cents ($1,958,137.50 USD)). The Parties agree that the Court (and only the Court) shall determine the final amount of the Fee Award in this Action.

    b.    Any Fee Award shall be paid out of the Settlement Fund. In the event the Fee Award approved by the Court is less than one-third of the Settlement Fund, the difference between such amount and the amount requested by Class Counsel shall remain as part of the Settlement Fund.

    c.    Subject to the terms and conditions of this Agreement, within five (5) business days after the Funding Date, and only in the event that the Court has made a Fee Award payable to Class Counsel, the Settlement Administrator shall distribute from the Settlement Fund the amount of any approved Fee Award to Class Counsel. Said distribution shall be made via wire or check as directed by Class Counsel. Prior to payment Class Counsel shall submit to Art Van and to the Settlement Administrator such documentation (such as a W-9 form) as may be reasonably requested to accomplish the payment of the Fee Award contemplated herein.

    d.    Except as provided for in this Section, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.

2. **Class Representative Incentive Award**

    a.    No later than fourteen (14) days before the Objection Deadline, the Settlement Class Representative and Class Counsel may make written application to the Court

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

for an Incentive Award not to exceed the amount of five thousand dollars ($5,000.00 USD) to be paid to the Settlement Class Representative for his service as a class representative in the Action and the settlement. The Parties agree that the Court (and only the Court) shall determine the final amount, if any, of the Incentive Award.

b.    Art Van agrees not to oppose any such application provided that it is in accord with the limitations set forth in this Section.

c.    The Incentive Award shall be paid out of the Settlement Fund. In the event the Incentive Award finally approved by the Court is less than five thousand dollars ($5,000.00), the difference between the amount requested and the amount awarded shall remain as part of the Settlement Fund.

d.    Subject to the terms and conditions of this Agreement, within five (5) calendar days after the Funding Date, and only in the event that the Court has approved an Incentive Award to the Named Plaintiff, the Settlement Administrator shall distribute from the Settlement Fund the amount of any Incentive Award. Said distribution shall be made as directed by Class Counsel. The Settlement Representative, through Class Counsel, shall provide a W-9 form to Art Van and the Settlement Administrator prior to payment.

**3.    Effect on Settlement**

a.    The Parties agree that the rulings of the Court regarding the amount of the Fee Award and Incentive Award, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Settlement Agreement and that any determination in that regard may be embodied in a separate order from the Court. Any order or proceedings relating to the amount of the Fee Award or the Incentive Award, including any appeals from or modifications or reversals of any orders related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Final Approval Order and Judgment becomes Final as defined herein.

**VII.  LIMITATIONS ON USE OF SETTLEMENT AGREEMENT**

31

1. **No Admission**

   a. Art Van denies any liability or wrongdoing of any kind associated with the alleged claims in the Action. Art Van has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein shall constitute an admission by Art Van of wrongdoing or liability, or of the truth of any allegations in the Action. The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Art Van, or as a concession by Art Van as to the truth of any of the allegations in the Action, or the veracity of any claim for relief or defense, or as an admission regarding any other matter in the case.

2. **Limitations on Use**

   a. Neither this Settlement Agreement nor any related documents filed or created in connection with this Settlement Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Settlement Agreement.

## VIII. MISCELLANEOUS PROVISIONS

1. **Claims Against Settlement Benefits**

   a. In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any Claimant Payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party.

   b. The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Settlement Class Member.

2. **Counterparts**

   a. This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument. Signature by digital, facsimile or in PDF format shall be deemed an original for all purposes.

**3. Integration Clause**

a. This Settlement Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein. There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth in this Settlement Agreement. This Settlement Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Action. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by a duly authorized agent of Art Van, the Named Plaintiff, and their respective counsel and approved by the Court, and may not be discharged except by performance in accordance with its terms.

**4. Execution of Documents**

a. The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement.

**5. Independent Judgment and Advice of Counsel**

a. Each party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Settlement Agreement. The Parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, have received legal advice with respect to the advisability of entering into this Settlement, and fully understand its legal effect.

**6. Governing Law**

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

a. The Settlement Agreement shall be construed, enforced, and administered in accordance with the laws of the State of Michigan.

### 7. Jurisdiction

a. The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement Agreement and the underlying settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement Agreement and any dispute relating thereto.

### 8. Exhibits

a. The exhibits to this Settlement Agreement are an integral and material part of this Settlement Agreement and are hereby incorporated and made a part of this Settlement Agreement.

### 9. No Assignments: Binding on Assigns

a. Each Party represents, covenants, and warrants that he, she, or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that he, she or it herein releases. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

### 10. Terms and Conditions Not Superseded

a. Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Art Van and its customers, or to the services provided by Art Van and purchased by its customers and used by consumers, except as expressly set forth herein.

### 11. Waiver of Compliance

a. Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived or excused in writing, to the extent permitted under applicable law, by the Party entitled to the benefit of such obligation, covenant,

34

agreement, or condition and such party's counsel. A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to any subsequent or other failure.

**12.    No Collateral Attack**

a.    This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Members or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Settlement Class Member's claim should have been heard or decided by another court or in another suit, that a Settlement Class Member's claim was improperly denied, that the payment to a Settlement Class Member was improperly calculated, and/or that a Settlement Class Member failed to receive timely notice of the Settlement.

**13.    Authorization**

a.    The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

**14.    Settlement Class Member Signatures**

a.    It is agreed that, because the Settlement Class is so numerous, it is impractical to have each Settlement Class Member execute this Settlement Agreement. The Notice will advise all Settlement Class Members and/or their representatives of the binding nature of the releases and of this Settlement Agreement, and in the absence of a valid and timely request for exclusion, such Notice shall have the same force and effect as if each Settlement Class Member executed this Settlement Agreement.

**15.    Taxes**

a.    The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.

b.    For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the

35

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

Settlement Fund. The Settlement Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

c.     Any expenses reasonably incurred by the Settlement Administrator in carrying out the duties described in this Agreement, including fees of tax attorneys and/or accountants, shall be paid by the Settlement Administrator from the Settlement Fund pursuant to its estimates and invoice for services rendered, in accordance with Section III.

d.     Any Person that receives a distribution from the Settlement Fund pursuant to Section III shall be solely responsible for any taxes or tax-related expenses owed or incurred by that Person by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund. The Parties will reasonably cooperate with the Settlement Administrator to obtain appropriate reporting information for all Settlement Class Members who receive over $600.

e.     Plaintiff and Class Counsel shall fully bear all the tax consequences of any and all benefits received by them and the Settlement Class Members from Art Van in connection with this Agreement. Plaintiff acknowledges that Art Van and its attorneys provided no tax advice related to this Agreement and that Art Van may be required to file certain Form 1099 or other information reports with the United States Internal Revenue Service. Plaintiff has been advised to consult with tax counsel of Plaintiff's own choice to seek legal and tax advice regarding the taxability or non-taxability of consideration provided herein. In no event shall Art Van or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class Counsel, the Settlement Class Members, the *Cy Pres* or any other person or entity.

16.     **Drafter of Agreement**

a.     Neither Art Van nor Named Plaintiff, nor any of them, will be considered

Doc ID: 34aa221959ab4805a3b08005955e71268cf1e68a

to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

**SIGNATURES**

ART VAN FURNITURE, LLC                4-25-18
                                       date

MICHAEL BOWMAN                         04/24/2018
                                       date

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.

By: _____
    KEVIN B. HUFF

Attorneys for Defendant
ART VAN FURNITURE, LLC

JASZCZUK P.C.

By: _____
    MARTIN W. JASZCZUK

Attorneys for Defendant
ART VAN FURNITURE, LLC

WOODROW & PELUSO, LLC

By: _____
    STEVEN L. WOODROW

Attorneys for Plaintiff
MICHAEL BOWMAN

37

# EXHIBIT 1

# Art Van Furniture, LLC. TCPA Settlement CLAIM FORM

*Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE

Return this Claim Form to: Epiq Systems, [address]. Questions, visit www.[SettlementWebsite].com or call (_____

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE], BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you received one or more phone calls on your phone from or on behalf of Art Van Furniture, Inc. ("Art Van" or "Defendant") through the use of pre-recorded voice technology between May 23, 2013 and the date of entry of the Preliminary Approval Order, you may be entitled to a monetary payment if the settlement is finally approved by the Court. If the settlement is approved, each class member, whether or not he or she submits a claim, will release the Defendant and related entities, and all their officers, agents, employees, and those working with them and additional entities and individuals (see Settlement Agreement for full list), from any and all claims as a result of the making of the phone calls that are the subject of this litigation. Only the primary user or owner of the account upon which the phone calls at issue were received can submit this Claim Form. Only one claim per account holder is allowed, regardless of how many phone calls were received or how many phone numbers are included on the account.

Claimants who are part of this class will receive one (1) Award Unit from the Net Settlement Fund, which equals $5,875,000 less all Settlement Administration Expenses, and all approved Incentive Awards and Fee Award. Award Units will be of equal value.

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained herein is true and correct.

Call Class Counsel at 720.213.0676 for Further Information

| YOUR CONTACT INFORMATION |
|---|

**Name:** _____  _____  _____
           *(First)*                *(Middle)*              *(Last)*

**Current Address:** _____
(You must provide a street address.  A P.O. box will not be accepted.)
_____  ____ ____  ____ ____ ____ ____ ____
*(City)*                              *(State)*        *(Zip Code)*

**Telephone Number at the Time you Received a/the Phone Call(s): (** ___ ___ ___ **)** ___ ___ ___ **–** ___ ___ ___ ___

**Current Phone Number: (** ___ ___ ___ **)** ___ ___ ___ **–** ___ ___ ___ ___    **or** ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

| Class Member Verification |
|---|

By submitting this claim form, I declare under penalty of perjury that I am a member of the Class (defined as "all individuals and entities who were called by or on behalf of Art Van Furniture through the use of pre-recorded voice technology between May 23, 2013 and the date of entry of the Preliminary Approval Order") and that the information provided herein is true and correct.

**************************************************************
Additional information regarding the settlement can be found at [website.com].

The Claims Administrator may audit any and all claims. **I declare under penalty of perjury that the foregoing is true and correct.**

Signature: _____          Date: _____

Print Name: _____          Your claim will be reviewed by the Settlement Administrator. If accepted, you will be mailed a check for your share of the Settlement based on the Unit for which you are eligible. Please be patient.

**CLAIM FORMS MUST BE POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. MAIL THIS CLAIM FORM TO:  Claims Administrator, [Address].  If you have questions, you may call the Settlement Administrator at [toll-free #] or Class Counsel at 1 720-213-0676.**

# EXHIBIT 2

**IF YOU RECEIVED A PRE-RECORDED CALL FROM ART VAN YOU MAY BE DUE MONEY FROM A CLASS ACTION**

LEARN MORE AT: WWW.[WEBSITEURL].COM

**IF YOU RECEIVED A PRE-RECORDED CALL FROM ART VAN YOU MAY BE DUE MONEY FROM A CLASS ACTION SETTLEMENT**

LEARN MORE AT: WWW.[WEBSITEURL].COM

# EXHIBIT 3

# UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF MICHIGAN

## If You Received a Phone Call on Your Telephone from Art Van Furniture, LLC ("Art Van"), You Could Get a Payment from a Class Action Settlement.

*A Federal Court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.*

- A Settlement has been reached in an alleged class action lawsuit about whether Art Van made phone calls to telephone users who did not consent to receiving such phone calls. Art Van is referred to as the "Defendant."

- Persons included in the Settlement who file valid Claim Forms will be eligible to receive a payment from the Settlement Fund, which is $5,875,000. The actual amount of the payments will be based on the number of valid claim forms submitted, administrative costs, and any incentive award or attorneys' fees and expenses approved by the Court.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice

## BASIC INFORMATION

**1.  Why was this Notice issued?**

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Nancy G. Edmunds of the U.S. District Court for the Eastern District of Michigan is overseeing this case. The case is known as *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE. Mr. Bowman, the person who sued, is called the Plaintiff/Class Representative. The Defendant is Art Van.

## 2. What is a Class Action?

In a class action, one or more named plaintiffs called Class Representatives (in this case, Michael Bowman) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 3. What is this Lawsuit about?

This lawsuit alleges that Art Van made phone calls to telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. The Class Representative claims that Art Van made phone calls to telephone users who never provided prior express consent. Art Van denies that it violated any law and has asserted several defenses.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

### WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

You are a member of the Settlement Class if you were called by or on behalf of Art Van Furniture through the use of pre-recorded voice technology between May 23, 2013 and the date of entry of the Preliminary Approval Order.

For the full definition of the Settlement Class, please see the Settlement Agreement, which is available by contacting the Settlement Administrator or Class Counsel or by clicking the "Settlement Agreement" link under the "Important Documents Tab" on the Settlement Website, located at [website]

### THE SETTLEMENT BENEFITS

## 6. What does the Settlement provide?

Art Van has agreed to fund a Settlement Fund of $5,875,000. The cost to send notice to the class and administer the Settlement, as well as attorneys' fees and payments to the Class Representative, will come out of this amount (*see* Question 13). The amount remaining after deducting these costs (the "Net Settlement Fund") will be used to pay the claims of eligible Class Members who submit valid claims.

Class members who file valid claims and who are part of this class according to Art Van's records will be eligible to receive One (1) Award Unit from the Net Settlement Fund.

## 7. How much will my payment be?

If you are a member of the Class and the Court gives final approval to the Settlement, you may be entitled to receive a check for an amount equal to the value of One (1) Award Unit. The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed, the cost of the Notice, and any incentive award to the Class Representative and award of attorneys' fees and expenses to Class Counsel.

You may only make one claim per telephone number, regardless of how many calls were received.

## 8. When will I get my payment?

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

## 9. How do I get benefits?

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by [**CLAIMS DEADLINE**]. The Claim form is included with this notice and can be found by calling, toll free, 1-800-000-0000 or by contacting Class Counsel at (720) 213-0676. The Claim Form can be submitted online at the Settlement Website or downloaded and submitted by mail. There is only one claim per telephone number.

## REMAINING IN THE SETTLEMENT

## 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue Art Van for the claims being resolved by this Settlement. The specific claims you are giving up against Art Van are described in Section V of the Settlement Agreement. You will be "releasing" the Defendant and other entities and individuals as described in Section V of the Settlement Agreement. Unless you exclude yourself (*see* Questions 14 & 15), you are "releasing" the claims, regardless of whether you submit a claim form or not. The Settlement Agreement is available at www.[settlementwebsite].com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 and 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

| 11. What happens if I do nothing at all? |
| --- |

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in the case? |
| --- |

The Court has appointed Steven Woodrow, Patrick H. Peluso, and Taylor Smith of Woodrow & Peluso, LLC, and Stefan Coleman of the Law Offices of Stefan Coleman, PLLC to be the attorneys representing the Settlement Class. Steven Woodrow is called "Class Counsel." Class Counsel believes, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

| 13. How will the lawyers be paid? |
| --- |

The Settlement Agreement allows Class Counsel to submit a petition for reasonable attorneys' fees of up to one-third of the Settlement Fund as fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter. Class Counsel may seek, and the Court may award, less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay $5,000 to the Class Representative from the Settlement Fund as an incentive award for his service in helping to litigate and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. How do I get out of the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that you want to be excluded from *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE. Your letter or request for exclusion must also include your name, your address, the phone number that received the relevant telephone calls, and your signature. You must mail your exclusion request so that it is postmarked no later than [Objection/Opt Out Deadline] to:

Epiq Systems
*Michael Bowman v. Art Van Furniture*

Case No. 17-cv-11630-NGE
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

The Court will exclude from the Class any Class Member who timely requests exclusion.

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Art Van for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the Settlement?**

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the Settlement in *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, your telephone number that received the telephone call(s) from or on behalf of Art Van Furniture, and your signature.

Class Counsel will file with the Court, and post on the Settlement Website under the "Important Documents" tab, its request for attorneys' fees two weeks prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. Mail the objection to these three places postmarked no later than Month 00, 2018:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| The Honorable Nancy G. Edmunds c/o Clerk of the Court Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Room 858 Detroit, MI 48226 | Steven Woodrow, Esq. Class Counsel Woodrow & Peluso, LLC 3900 East Mexico Ave. Ste. 300 Denver, CO 80210 (720) 213-0675 | Martin W. Jaszczuk, Esq. Jaszczuk P.C. 311 S. Wacker Drive, Suite 3200 Chicago, Illinois 60606 (312-442-0509) |

|  |  |  |
|---|---|---|

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at [time] on **Month 00, 2018** at the [insert where]. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for an award of attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check with Class Counsel by calling [insert phone #]. If, however, you timely object to the Settlement and advise the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

## 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2018**, and be sent to the addresses listed in Question 17. You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

## 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the full Settlement Agreement. You can get a copy of the Settlement Agreement by writing the Settlement Administrator at P.O. Box 0000, City, ST 00000 or by visiting www.[settlementwebsite].com. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-720-213-0676, if you have any questions. Before doing so, however, please read this full Notice carefully.

# GROUP EXHIBIT 4

# EXHIBIT 4-A

**Legal Notice**

*Michael Bowman v. Art Van Furniture*
Case No. 17-cv-11630-NGE
Epiq Systems
[Address Line 1]
[Address Line 2]
[Address Line 3]

First
Class
Postage
Permit

## ATTENTION! If You Received

## A Phone Call to Your Telephone

## from Art Van Furniture, Inc.

## from May 23, 2013 to

## [Date of Preliminary Approval Order]

## You May Be Part of a

## Class Action Settlement

## Learn More At:

## www.[websiteURL].com

Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

**Summary Notice**

You are receiving this notice because you have been identified as a potential settlement class member in *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE, pending in the U.S. District Court for the Eastern District of Michigan. The Court has preliminarily approved a settlement that could impact your legal rights, whether you act or not. This is only a summary of the Full Notice. Visit www.[website].com to read the Full Notice, submit a Claim Form, and view important court dates and documents.

**Nature of the Action.** This lawsuit alleges that Art Van made phone calls to telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* The Class Representative claims that Art Van made phone calls to telephone users without prior express consent. Art Van denies that it violated any laws and asserts numerous defenses. The Court has not determined who is right. Rather, you are receiving this legal notice because your rights may be impacted by the settlement.

**How Do I Know if I am a Class Member?** You fall into the definition of the Settlement Class if you were called by or on behalf of Art Van Furniture through the use of pre-recorded voice technology between May 23, 2013 and the date of entry of the Preliminary Approval Order.

**What are My Options?** You may submit a Claim Form to be paid your share of the Net Settlement Fund (equal to the Settlement Fund of $5,875,000 less all approved Settlement Administration Expenses, and any Incentive Awards and the Fee Award to Class Counsel). You can discuss the case with Class Counsel. You may also enter an appearance through an attorney if you so desire. You may also request to be excluded, and the Court will exclude any member who timely requests exclusion. To request exclusion, you must mail a signed statement that says "I wish to be excluded from *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE" to the Settlement Administrator, postmarked by [opt-out/objection deadline]. Specific information is available at www.website.com. If you do nothing you will be in the Class and you will also be bound by all orders and judgments of the Court entered under Rule 23(c)(3). If you request exclusion, you will not be able to participate in the settlement.

**Who Represents Me?** The Court has appointed Steven L. Woodrow, Patrick Peluso, and Taylor Smith of Woodrow & Peluso, LLC and Stefan Coleman from the Law Office of Stefan Coleman, P.A. to be the attorneys for the Class. These attorneys are referred to as Class Counsel. You may hire your own lawyer at your own expense.

**How Do I Get More Information?** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Administrator at [toll free #] or [Address] or call Class Counsel at 720-213-0676.

**TO SUBMIT A CLAIM FORM, VISIT:**
**www.[websiteurl].com**

To request exclusion, submit your signed statement that says "I wish to be excluded from *Michael Bowman v. Art Van Furniture* Case No. 17-cv-11630-NGE to:

Epiq Systems
*Michael Bowman v. Art Van Furniture*
Case No. 17-cv-11630-NGE
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

*Michael Bowman v. Art Van Furniture*
Case No. 17-cv-11630-NGE
Class Counsel
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
(720) 213-0676
swoodrow@woodrowpeluso.com

**www.[websiteurl].com**

# EXHIBIT 4-B

Subject: Notice of Class Action Settlement - Michael Bowman v. Art Van Furniture, LLC.

Body:⬚

Class Member ID: <mark>ABC-1234567-8</mark>

## NOTICE OF CLASS ACTION SETTLEMENT

*Michael Bowman v. Art Van Furniture*, *Inc*. Case No. 17-cv-11630-NGE (E.D. Michigan)

### IF YOU RECEIVED A PHONE CALL⬚FROM ART VAN FURNITURE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*For complete information, visit <mark>www.[websiteurl].com</mark> or call <mark>1-xxx-xxx-xxxx.</mark>*
***Para ver este aviso en español, visite <mark>www.websiteurl.com</mark>***

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit against Art Van Furniture, LLC ("Art Van"), *Michael Bowman v. Art Van Furniture, Inc.,* Case No. 17-cv-11630-NGE, pending in the U.S. District Court for the Eastern District of Michigan. The Court has preliminarily approved the settlement, which could impact your legal rights, whether you act or not. This is only a summary of the Full Notice. Visit <mark>www.[websiteurl].com</mark> to read the Full Notice, submit a Claim Form, and view important court dates and documents.

**Nature of the Action.** The lawsuit alleges that Art Van made phone calls to telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. The Settlement Class Representatives claim that Art Van made phone calls to telephone users who never provided prior express consent. Art Van denies the allegations and that it violated any laws, and it asserts several defenses. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**Why am I Receiving This Email?** Our records show you may be a member of the "Settlement Class," which includes all individuals and entities who were called by or on behalf of Art Van Furniture through the use of pre-recorded voice technology between May 23, 2013 and <mark>[date of entry of the Preliminary Approval Order]</mark>.

**What Can I Get Out of the Settlement?** If you're eligible and the Court approves the Settlement, you could receive a cash payment. Art Van has agreed to fund a Settlement Fund of

$5,875,000 U.S. dollars. The cost to send notice to the class and administer the Settlement (estimated to be approximately $_____ USD), as well as any award of reasonable attorneys' fees and expenses (no more than one-third of the Settlement Fund) and any Incentive Award of no more than $5,000 to the Class Representative will come out of this amount. The amount remaining after deducting these amounts (the "Net Settlement Fund") will be used to pay the claims of eligible Class Members who submit valid claims. Class members who file valid claims will be eligible to receive One (1) Unit from the Net Settlement Fund. If any money remains after these disbursements, it will be donated to a cy pres recipient approved by the Court.

**What are My Options?** If you are a member of the Class as described above, your legal rights are affected and you have several options: **(1) Submit a Claim:** You may submit a Claim Form at www.website.com or download the form and submit it by mail, either way by no later than [claims deadline]. Include the Class Member ID on the front of this postcard with your claim. The information you provide to the Settlement Administrator will be used only to administer the Settlement. **(2) Do Nothing:** You will not receive a payment but you will be bound by the Court's Orders and Judgment and give up your right to sue Art Van and certain other persons and entitles about the legal claims resolved by the Settlement. **(3) Exclude Yourself:** Keep the right to sue Art Van about the legal claims resolved by the Settlement, but **you will not receive payment** from this Settlement. To request exclusion, you must mail a signed statement that says "I wish to be excluded from the Settlement in *Michael Bowman v. Art Van Furniture, Inc.,* Case No. 17-cv-11630-NGE" to the Settlement Administrator, postmarked by [opt-out deadline]. Specific information is available at www.website.com. **(4) Object/Request to Appear:** Write to the Court and say why you don't like the Settlement and/or request permission to speak at the Final Approval Hearing by [objection deadline]. The Court will hold a Final Approval Hearing at [____] on [____], before the Honorable Nancy G. Edmunds in Courtroom 858, Theodore Levin U.S. Courthouse at 231 W. Lafayette Blvd, Detroit, Michigan 48226. The Court will consider whether the proposed settlement is fair, reasonable, and adequate and whether to approve the attorneys' fees and costs to Class Counsel and an Incentive Award to the Class Representative, and consider objections, if any. The motion for attorneys' fees and costs will be posted on the website after it is filed.

**Who Represents Me?** The Court has appointed Steven Woodrow, Patrick H. Peluso, and Taylor Smith of Woodrow & Peluso, LLC and Stefan Coleman of the Law Offices of Stefan Coleman, PLLC. to be the attorneys representing the Settlement Class. The attorney is called "Class Counsel." You may hire your lawyer at your own expense.

**When Will the Court Approve the Settlement?** The Court will hold a final approval hearing on Month 00, 2018 at 00:00 a.m. at the Theodore Levin U.S. Courthouse at 231 W.

Lafayette Blvd., Room 858 Detroit, Michigan 48226. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses and a service award to each of the Class Representatives. These requests will be posted on the settlement website.

**How Do I Get More Information?** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Administrator at [toll free #] or [Address] or call Class Counsel at 720-213-0676.