# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**MICHAEL BOWMAN**, individually and on behalf of all others similarly situated,

                      Plaintiff,

v.

**ART VAN FURNITURE, INC.**, a Michigan corporation,

                      Defendant.

Case No. 17-cv-11630-NGE

Hon. Nancy G. Edmunds

Mag. R. Steven Whalen

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, an alleged class action is pending before the Court entitled *Bowman v. Art Van Furniture, Inc.*, Case No. 2:17-cv-11630-NGE-RSW; and

WHEREAS, Plaintiff Michael Bowman ("Plaintiff" or "Bowman") and Defendant Art Van Furniture, LLC. ("Defendant" or "Art Van")[1] have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this Action with prejudice for the claims of the Settlement Class upon the terms and conditions as set forth in the Settlement Agreement; and

---

[1] The Parties advise that Art Van Furniture, Inc. has converted to Art Van Furniture, LLC, a Delaware limited liability company.

1

WHEREAS, the Court has read and considered the Settlement Agreement and exhibits attached thereto, this matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' Settlement Agreement.

2. Plaintiff has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Art Van, and the Court having read and considered the Settlement Agreement and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Fairness Hearing referred to in Paragraph 18 of this Order.

3. The Court finds that this action satisfies the four prerequisites under Fed. R. Civ. P. 23(a)(1)-(4) for a class action. First, the class is so numerous "that joinder of all members is impracticable." Plaintiff asserts that there are approximately 1,150,000 class members and that Defendant Art Van has addresses for most of them. (Pl.'s Mot. at 6, dkt. 35.) Next, Plaintiff alleges that the class

members share Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227 et seq., claims, alleging that Defendant "unlawfully called them using its pre-recorded voice technology without first obtaining written prior express consent as required from anyone." (Pl.'s Mot. 11, dkt. 35.) The Court agrees that the issues identified by Plaintiff are common to the class members and would advance the litigation with resolution. The Court agrees with Plaintiff that his claims and those of the proposed class members arise from the same alleged conduct by Defendants: violations of the TCPA and finds that the typicality requirement is satisfied. Fed. R. Civ. P. 23(a)(3). Finally, with respect to the adequacy of representation, the named Plaintiff, as class representative, shares claims and common interests with the proposed class members. There is no suggestion of conflicts of interest. The Court has also considered the adequacy of class counsel in connection with Plaintiff's request to appoint class counsel, and finds that the proposed class counsel satisfy the adequacy requirements and appear competent to represent the class in this action.

    4.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(b)(2) and (3) have been met. Under the proposed settlement agreement, Defendant will adopt changes designed to reduce the likelihood that its calling programs violate the TCPA, and the assurances set forth in the proposed settlement agreement apply to the entire class. Fed. R. Civ. P. 23(b)(2). In this case, common

factual and legal questions go to the center of the controversy, and the answers or proofs will be applicable to the class as a whole. For example, whether Defendant used a pre-recorded message in its calls. The Court also finds that a class action is the superior method of adjudication in this matter, where the number of potential members is great, yet the individual claims are of a range not sufficient enough to merit individual lawsuits with counsel. Fed. R. Civ. P. 23(b)(3).

5. Considering the factors set forth in Fed. R. Civ. P. 23(g)(1)(A), the Court appoints Steven Woodrow, Patrick H. Peluso and Taylor T. Smith of Woodrow & Peluso, LLC, and Stefan L. Coleman of the Law Offices of Stefan Coleman, P.A. as class counsel.(See e.g., (Pl.'s Mot. Ex. B at Ex. 2.)

6. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Class ("Settlement Class Members"), which the Court hereby certifies solely for the purposes of the Settlement Agreement, and which is defined as follows:

> All individuals and entities who were called by or on behalf of Art Van Furniture through the use of pre-recorded voice technology between May 23, 2013 and the date of entry of the Preliminary Approval Order.

7. The Court finds that, subject to the Fairness Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members as to their claims against Art Van. The Court further finds that the Settlement Agreement substantially fulfills the purpose and objectives of the class

action against Art Van and provides beneficial relief to the Class.

8. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations involving experienced class action attorneys and overseen by an experienced third-party mediator; (b) is sufficient to warrant notice of the settlement and the Fairness hearing to the Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding against, or an admission of liability by, Art Van.

## Notice and Administration

9. Pursuant to the Settlement Agreement, Epiq Systems (https://www.epiqglobal.com/en-us/home) is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

10. The Court finds that the Notice Plan and all forms of Notice to the Class as set forth in the Settlement Agreement and the Exhibits thereto is also approved as its form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B). The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise the members of the Class of the pendency of this action, the certification of the Class, the terms of the

Settlement Agreement, and the right of members to object to the settlement and to exclude themselves from the Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11. The Settlement Administrator shall implement the Notice Plan for individual/direct notice as set forth in the Settlement Agreement. The parties agree that if the individual/direct notice effort results in less than an 85% reach, the Settlement Administrator will recommend an appropriate supplemental, online notice effort to raise the overall reach of the Notice Plan to 85%.

12. Art Van, or the Settlement Administrator acting on its behalf, shall also cause the requirements of 28 U.S.C. § 1715 to be satisfied through service of notice of the proposed Settlement upon the Attorneys General of each U.S. State and the Attorney General of the United States.

## Exclusion

13. Settlement Class Members who wish to exclude themselves from the Class for purposes of this Settlement may do so by complying with the Opt-Out procedures set forth below. Any member of the Class who timely requests exclusion consistent with those procedures shall not be bound by the terms of the Settlement Agreement.

14. To exercise the right to Opt-Out, the Class Member must complete,

sign, and mail to the Settlement Administrator a request for exclusion, on or before September 26, 2018. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. An Opt-Out request must include: (a) the requester's full name, address, name of the Action, and telephone number; (b) the telephone number at which the requester allegedly received a pre-recorded voice call that is the subject of this Settlement Agreement; (c) contain the requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the requester with respect to a claim or right such as those in the Action; and (d) state unequivocally that the requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. A request for exclusion may not request exclusion of more than one member of the Class.

15. Class Members who submit complete Opt-Outs that are postmarked before the Opt-Out Deadline set forth in paragraph 14 above shall receive no benefit or compensation under this Settlement Agreement, shall have no right to object to the proposed Settlement Agreement or participate at the Fairness Hearing, and shall not be bound by any order or judgment entered in this Action.

**Objections**

16. Any Settlement Class Member may comment in support of, or in opposition to, the Settlement at his or her own expense; provided, however, all comments and/or objections must be in writing and mailed or hand-delivered to the Clerk of the Court and the Settlement Administrator and postmarked or delivered by no later than the Objection Deadline, which shall be the same date as the Opt-Out Deadline set forth in paragraph 14 above (September 26, 2018). Objections may be filed by counsel for a Settlement Class Member though any such counsel must file an appearance in the Action.

17. To object, a Class member must sign and file a written objection no later than the Objection Deadline set forth in the Settlement Agreement. Each Objection must: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the telephone number of the Settlement Class Member at which the Settlement Class Member claims phone calls subject to the Settlement were received; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth the complete legal and factual bases for the objection, including citations to relevant authorizes; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position;

and (vii) state whether the objecting Settlement Class Member intends on appearing at the Fairness Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Fairness Hearing. All Objections must be mailed or hand-delivered to the Court before the Objection Deadline.

### Fairness Hearing

18. The Fairness Hearing shall be held before this Court on October 24, 2018 at 1:00 P.M.. at the Theodore Levin U.S. Courthouse, Courtroom 811, 231 W. Lafayette Blvd., Detroit, Michigan 48226, to determine whether the proposed Settlement Agreement with Art Van is fair, reasonable, and adequate and should be given final approval by the Court. The Court may adjourn the Fairness Hearing or conduct it by telephone without further notice to Class Members.

### Further Matters

19. To protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Settlement Class Members' rights or claims relating to, or arising out of, any of the Released Claims as set forth in the Settlement Agreement.

20. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

21. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, any orders entered by the Court in connection with this Agreement shall be vacated, and this Settlement Agreement shall not be used for any purpose whatsoever against any of the Parties. However, any payments made to the Settlement Administrator for services rendered to the date of termination shall not be refunded to Art Van.

22. Class Counsel shall move for an award of reasonable attorneys' fees to be paid as set forth in the Settlement Agreement and cause such motion to be posted on the Settlement Website no later than September 12, 2018 (14 days prior to the Opt-Out/Objection deadline).

23. Class Counsel shall move for Final Approval of the Settlement Agreement and respond to any objections no later than fourteen (14) days prior to the Fairness Hearing (by October 10, 2018).

24. The deadline for Settlement Class Members to file claims shall be September 26, 2018.

SO ORDERED.

Dated: July 23, 2018

                                               s/Nancy G. Edmunds
                                               Nancy G. Edmunds
                                               United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2018, by electronic and/or ordinary mail.

                                               s/Kim Grimes
                                               Case Manager Supervisor, Acting in
                                               the Absence of Lisa Bartlett, Case
                                               Manager