UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL BOWMAN, individually and
on behalf of all others similarly situated,

        Plaintiff,                   Case No. 17-CV-11630-NGE

v.

ART VAN FURNITURE, INC., a Michigan
Corporation,

        Defendant.

**JULIE VARCHETTI'S OBJECTION TO SETTLEMENT (ECF 34-1)**
**AND OBJECTION TO MOTION FOR FEE AWARD (ECF 41)**

Julie Varchetti states as follows for her Objection to Settlement and Objection to Motion for Fee award.

1. Ms. Varchetti's home address is 52013 Snow Owl Court, Shelby Township, Michigan. The phone numbers where she received calls at issue are (586) 322-6180; (586) 214-1825; or (586) 322-6172. Ms. Varchetti objects to the Settlement Agreement and Fee Award for the reasons set forth below.

2. This Telephone Consumer Protection Act ("TCPA") case settled within a year of its filing and before the court held a single hearing. Art Van never even answered the complaint or amended complaint, asserting instead pleading defects by way of a motion to dismiss that could and were easily remedied through amendments to the pleadings. The parties did not engage in any

formal discovery, relying instead on "informal" exchanges of information performed through the mediation process.

3.  These efforts resulted in a settlement of 1% of the potential recovery, with class counsel seeking to be awarded a third of that amount.[1] The Settlement Agreement does not require that the class members be provided with notice of the potential recovery or any other information that would allow class members to adequately assess whether it is in their best interest to participate in a settlement awarding them less than 1% of a potential recovery. Rule 23(e) requires that class members be given "information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action." *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011). The notice does not mention statutory damages, the possibility of treble damages, the potential class size or the likely payout. All of this information is reasonably necessary for class members to decide whether the settlement is reasonable and none of it is readily available to class members.

---

[1] The TCPA awards injured parties statutory minimum damages of $500 per violation, with treble damages available in the event of a willful violation. 47 U.S.C. 227(b)(3)(B) and (C). Class Counsel estimates that there are 1,150,000 potential members in the class. Even without regard to the willfulness of the violations (a claim that was apparently abandoned and not investigated) the class members' claims represent $575,000,000 in potential statutory damages. There is no justification for the small award, nor could there be given the lack of any meaningful work on the case.

4. Moreover, the long form notice does not contain any specific amounts concerning the fee award, stating only that the Settlement Agreement "allows" class counsel to seek "up to one-third" of the settlement fund and facetiously indicates that class counsel "may seek" less. *See* Long Firm Notice, https://www.avfsettlement.com/Content/Documents/Notice.pdf Class members should be informed that, although the settlement is a minute fraction of the potential recovery, over one-third of the amount will be paid to the attorneys and claims administrator. The value of the settlement to the class members is simply misrepresented.

5. Further, the settlement agreement specifically provided that Plaintiffs' counsel could seek 33% of the settlement fund as a fee award, in essence a "fair sailing" provisions. Under these circumstances, the defendant does not have an incentive to review or object to the fee award because it has no impact on it. *In re: Dry Pampers Litigation,* 724 F.3d 713, 718 (6th Cir. 2013). Specifically, in a case such as this, there is a danger that "the lawyers might urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Id., citations omitted.*

6. The Court has available "two methods for calculating attorney's fees: the lodestar and the percentage-of-the-fund." *Van Horn v. Nationwise Prop. & Cas. Ins. Co.,* 436 F. Appx. 496, 498 (6th Cir. 2011). "District courts have

3

2203520

discretion 'to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them.' " *Id*.

7. Here, the lodestar method would be the more appropriate method of awarding fees because of the lack of any meaningful risk that the case would not settle and Class Counsel would not be paid, the lack of any discovery or other investigation into the case and because of the steep discount on the potential damages negotiated by Class Counsel. At the very least, the 3.7 multiple of the lodestar amount advocated by Class Counsel is unwarranted. It is a clear example of the danger warned of on *Dry Pampers Litigation, i.e.* attorneys' advocating a low settlement figure in exchange for a high fee award.

8. For these reasons, Ms. Varchetti objects to the settlement and the motion for attorneys' fees.

*/s/ Kathleen H. Klaus*
Kathleen H. Klaus (P67207)
Attorneys for Julie Varchetti
28400 Northwestern Highway
2nd Floor
Southfield, MI 48034
(248) 359-7520
kklaus@maddinhauser.com

Date: September 21, 2018

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

*/s/ Kathleen H. Klaus*
Kathleen H. Klaus (P67207)
Attorneys for Julie Varchetti
28400 Northwestern Hwy, 2nd Floor
Southfield, MI 48034
(248) 359-7520
Kklaus@maddinhauser.com

DATED: September 21, 2018

2203520