UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOWMAN, on behalf of himself
and a similarly situated class,　　　　　　　　Case No. 17-11630

　　　　Plaintiff,　　　　　　　　　　　　　　Honorable Nancy G. Edmunds

v.

ART VAN FURNITURE, INC.,

　　　　Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD [41]**

This matter is before the Court on Plaintiff's motion for an award of reasonable attorneys' fees and reimbursement of expenses and class representative incentive award. (Docket 41.) One of the objecting class members objects to both the attorneys' fees and the settlement. (Dkt. 42.) Her objection is discussed more fully in the opinion and order granting Plaintiff's motion for final approval.

**I.　FACTS**

Plaintiff Michael Bowman is an individual residing in White Lake, Michigan. (Am. Compl. ¶ 5, dkt. 8.) Defendant Art Van Furniture is a retail furniture business with furniture stores throughout Michigan and the Midwest, with a principal place of business in Howell, Michigan. (Am. Compl. ¶¶ 1, 6.) Plaintiff alleges that he has received multiple prerecorded calls from Defendant to his telephone without his having given prior consent, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227 *et seq.*

Plaintiff filed this action on May 23, 2017, seeking to bring a suit under the TCPA on behalf of himself and a class of similarly situated individuals. (Am. Compl. ¶ 28.) Plaintiff sought an injunction and an award of statutory damages. (Am. Comp. ¶ 29.) The parties ultimately reached a settlement, approved by this Court. The proposed settlement includes both the creation of a Settlement Fund in the amount of $5,875,000 and prospective injunctive relief. (Pl.'s Mot. 2.) The facts and procedural history are discussed in further detail in the Court's opinion and order granting Plaintiff's motion for final approval of class action settlement.

## II. DISCUSSION

### A. Attorneys' Fees

Plaintiff moves for the award of attorneys' fees and reimbursement of expenses. The proposed Settlement Agreement that was preliminarily approved by the Court on July 23, 2018 and finally approved by separate opinion and order, provided that

> No later than fourteen (14) days before the Objection Deadline, Class Counsel may make written application to the Court for a Fee Award not to exceed, in the aggregate, one-third (33.33%) of the $5.875 million Settlement Fund (or one million nine hundred thousand (sic) one hundred thirty-seven dollars and fifty cents ($1,958,137.50 USD)). The Parties agree that the Court (and only the Court) shall determine the final amount of the Fee Award in this Action.

(Settlement Agreement and Release § VI(1)(a), Pl.'s Mot. For Preliminary Approval of Class Action Settlement Ex. A, dkt. 35-1.) Furthermore, "[a]ny Fee Award shall be paid out of the Settlement Fund. In the event the Fee Award approved by the Court is less than one-third of the Settlement Fund, the difference between such amount and the amount requested by Class Counsel shall remain as part of the Settlement Fund." (*Id.* at § VI(1)(b).) As set forth in his motion for an award of reasonable attorneys' fees, Plaintiff's counsel seeks

actually seeks attorneys fees and expenses in the amount of $1,938,750.00, equal to 33% of the $5,875,000 Settlement Fund. (Pl.'s Mot. 3, Brief 18, 25, dkt. 41.)

The Sixth Circuit "require[s] only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Courts within the Sixth Circuit may use one of two methods for calculating an award of attorneys' fees. "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." *Id.* (internal citation omitted). "[I]t is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and the unique circumstances of the actual cases before them." *Id.* The lodestar approach multiples the number of hours reasonably worked by counsel by the reasonable hourly rate of the attorney, and "enhancing the lodestar with a separate multiplier can serve as a means to account for the risk an attorney assumes in undertaking a case, the quality of the attorney's work product, and the public benefit achieved." *Id.* at 515-16. In requesting a percentage-of-the-fund award, Plaintiff argues that attorney fee awards "of close to 30% appear[] to be a fairly well-accepted ratio in cases of this type and generally in complex class actions." *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011). Yet case law supports a range of percentages as acceptable awards in various circumstances. *See e.g., In re Rio Hair Naturalizer Prods. Liab. Litig.*, MDL No. 1055, 1996 WL 780512, *16 (E.D. Mich. Dec. 20, 1996) (observing that "more commonly, fee awards in common fund cases are calculated as a percentage of the fund created, typically ranging from 20 to 50 percent of the fund"); and *In re*

*Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 532 (E.D. Mich. Oct. 10, 2003) ("Applying the percentage of the fund approach, this Court finds that the requested fee in the amount of 17% of the Settlement Fund is fair and reasonable in light of the complex legal and factual difficulties and substantial procedural difficulties presented in this litigation." "The requested 17% fee is well within the 20–30% range of reasonable attorneys' fees generally awarded in this Circuit." "[T]here is no question that Plaintiffs' Counsel spent thousands of hours litigating this complex case over the past five years. Counsel's work throughout the substantial motion practice and discovery process has been of the highest quality. The requested fee percentage would equate to a lodestar multiplier of approximately 1.2. This is both reasonable and well within the range of multipliers awarded by courts in complex cases such as this.").

The Court must explain its reasoning and consider the following six factors in determining whether Plaintiff's counsel's requested attorney fees are reasonable:

> (1) the value of the benefit rendered to the plaintiff class . . . ;
> (2) the value of the services on an hourly basis;
> (3) whether the services were undertaken on a contingent fee basis;
> (4) society's stake in rewarding attorneys who produce such benefits in order
> to maintain an incentive to others;
> (5) the complexity of the litigation; and
> (6) the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996) (citing *Rawlings*, 9 F.3d at 516-17).

With respect to the first factor, the Plaintiff class members will receive both a financial recovery and the following prospective relief:

> For a period of twenty-four (24) months following the Effective Date, and subject to changes in applicable law, Art Van agrees not to cause telemarketing calls to be placed to residential landline telephone numbers

4

using pre-recorded voice technology without first obtaining the prior express written consent of the called party. Art Van also agrees to only contract with third-parties who affirmatively agree to abide by the TCPA and all related regulations in the placement of outbound telephone calls using pre-recorded voice technology.

(Settlement Agreement and Release III(5), Pl.'s Mot. For Preliminary Approval Ex. A, dkt. 35-1.) Even after the requested attorneys' fees and expenses are deducted from the settlement funds, the recovery to Plaintiff class is currently projected at $3,131,250.00 ($5,875,000 minus the requested attorneys fees in the amount of $1,938,750.00, a $5,000 incentive award to the class representative, and $800,000 in administrative expenses). (Pl.'s Mot. n.8, dkt. 41.) As of the time Plaintiff filed his Motion For Final Approval, 31,471 claims had been filed and approved and an additional 18 claims awaited processing; at that class number, each claimant would receive approximately $98.87 per claimant. (Pl.'s Mot. For Attorneys' Fees 8, dkt. 41; Pl.'s Br. in Support of Mot. For Final Approval Of Class Action Settlement 1, dkt. 48.)

In comparing the value of services on an hourly basis with the value of services on a contingent fee basis, Plaintiff class members would obtain a greater benefit under the hourly basis analysis. While the settlement agreement provides that Defendant would not object to a fee request seeking up to one-third of the common fund (here $1,938,750.00), the hourly fees submitted by Plaintiff amount to only about 8.5% of the fund, $498,571 for a total of 1,342.76 hours. (Pl.'s Mot. For Attorneys Fees 15, dkt. 41.) Plaintiff argues that the contingent fee is only 3.75 times the lodestar of $498,571 and that lodestar multipliers of between 1 to 4 are typical, while multipliers as high as 6 or 8 have been awarded. *See e.g.*, Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, 14:03 (3d Ed. 1992), recognizing that multipliers of one to four are frequently awarded.). Plaintiff submitted the

5

names and hours of seven attorneys and a "law clerk" who worked on the case, with hours ranging from 5.4 to as high as 493.7 per person, and hourly rates from $100 (for the unidentified "Law Clerk") to $450 per hour. (Pl.'s Mot. Attorneys Fees 15, Ex. A, Table ¶ 28, dkt. 41-1.) Yet more recently, "[e]mpirical evidence of multipliers across many cases demonstrates that most multipliers are in the relatively modest 1–2 range; this fact counsels in favor of a presumptive ceiling of 4." 5 Newberg on Class Actions § 15:87 (5th ed.).

The fourth factor, society's stake in incentivizing others by awarding attorneys who produce benefits such as Plaintiff's counsel did here, weighs in favor of approving attorney fees greater than the straight lodestar or hourly fee, yet less than the contingent fee requested by Plaintiff's counsel. There is value to society in enforcing the TCPA, which was "enacted . . . to protect consumers from the annoyance, irritation, and unwanted nuisance of telemarketing phone calls, granting protection to consumers' identifiable concrete interests in preserving their rights to privacy and seclusion." *Aranda v. Caribbean Cruise Line, Inc.*, 202 F.Supp. 3d 850, 858 (N.D. Ill. 2016). Yet this case was not particularly complex, nor protracted, and the application of any multiplier to increase the fee award from a straight hourly rate in a case like this would encourage counsel in this practice area to take similar cases, and acknowledges counsel's efficiency in doing so. This case proceeded for less than one year before Plaintiff submitted his motion for preliminary approval of the class action settlement and overall has proceeded for approximately eighteen months. (Dkts. 1, 35.)

The complexity of this case does not weigh in favor of a contingent fee award of this size and where the lodestar of the hours and attorneys fees on this matter are significantly less. Much was accomplished during the single day mediation of this matter, and the follow-

6

up telephone calls and further exchange of discovery information that ensued after the mediation date. Although Plaintiff's counsel filed a written response to Defendant's motion to dismiss, the motion was ultimately adjourned (more than once) in light of settlement attempts and no other motions were necessary prior to this year's motion for preliminary approval. The Court recognizes that class counsel have spoken with over 800 class members, explaining the settlement terms and assisting with filing of claims. (Woodrow Decl. ¶ 24, Dkt. 41-1.) But while Plaintiff argues that Defendant set forth "somewhat novel theories" in its Motion to Dismiss and Motion to Strike Class Allegations that likely would have become prevalent in this litigation" and that "had the case proceeded novel issues would need to be briefed and argued, and potentially appealed," the Court cannot ignore that there exists a body of law on TCPA cases and cannot conclude that "somewhat novel theories" being put forth with respect to a single named Plaintiff raised this case to a level of complexity and risk justifying the one-third contingent fee award requested by Plaintiff's counsel. Formal discovery was avoided and the overall duration of case is, to date, approximately 18 months. While the Court finds that the result of the settlement was overall fair, reasonable, and adequate, it is not an extraordinary outcome.

Finally, as to "the professional skill and standing of counsel involved on both sides," this factor weighs in favor of finding the attorneys' hourly fees set forth by Plaintiff reasonable, and the Court recognizes able and experienced counsel in the area of TCPA on both sides of this case[1]. This factor weighs in favor of applying a multiplier to the straight

---

[1] Plaintiff's counsel, Steven Woodrow of Woodrow & Peloso, LLC, provided a law firm resume indicating that the firm's caseload focuses on consumer class actions, including violations of the TCPA. Co-counsel Stefan Coleman provided a resume that includes a list of some of the class actions in which he has participated, including nine cases that

7

lodestar figure.

The Court applies a multiplier of 2 to the lodestar of $498,571 to award attorney's fees in the amount of $997,142. The Court also considered Plaintiff's projection that he anticipates another $15,000 worth of work on this case, for which Plaintiff should submit timesheets. The Court will also award expenses of $13,098.68. (Woodrow Decl. Ex. 2, Expense Report, dkt. 41-1.)

**B. Incentive Award to Plaintiff Bowman**

The proposed settlement agreement allows that the settlement class representative may make application to the Court for an incentive award not to exceed the amount of $5,000.00. (Settlement Agreement and Release § VI(2)(a), Pl.'s Mot. Ex. A, dkt. 35-1.) The Sixth Circuit "has never approved the practice of incentive payments to class representatives, though in fairness [it has] not disapproved the practice either." *In re Dry Max Pampers Litigation*, 724 F.3d 713, 722 (6th Cir. 2013). In the past, "[t]he Sixth Circuit has held that incentive awards to class representatives may be appropriate in some cases, but has not defined the circumstances justifying incentive awards." *Lonardo v. Travelers Indem. Co.*, 706 F.Supp.2d 766, 787 (N.D. Ohio 2010) on reconsideration in part (July 21, 2010), (citing *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003). "Courts within the Sixth Circuit, however, recognize that, in common fund cases and where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Id.* (citation omitted).

---

resulted in multi-million dollar settlements for consumers who received unsolicited texts, calls or faxes. (Pl.'s Mot. For Attorneys' Fees Ex. A at Ex. 3.)

There has been only one lead or named Plaintiff from the start of this litigation. Plaintiff's brief alleges his participation in the litigation as follows:

> Mr. Bowman has diligently preserved and provided necessary documents and has stayed involved in the prosecution of the action, keeping in contact with Class Counsel. He has remained absolutely committed to pursing his case on behalf of the Class throughout the process and has consistently kept himself involved and up to date on the proceedings. Regardless of not having an assurance of such an award, Bowman exhibited willingness to participate and undertake responsibilities inherent with representing a class in a class action. He took significant time out of his personal life to commit all efforts necessary to prepare, litigate, and settle this case on behalf of himself and the Class.

(Pl.'s Mot. For Attorneys' Fees 25, dkt. 41.) Plaintiff Bowman has had more extensive involvement in this litigation than other class members yet the description of his involvement is general and nonspecific. Plaintiff estimates each claim to be worth approximately $98.75. Plaintiff's proposed incentive award of $5,000 is more than 50 times the amount of any other class member. In a case from this District, the judge declined to award the class representative an incentive payment of "*30 times* more than the maximum that any class member could received under the proposed settlement." *Machesney v. Lar-Bev of Howell, Inc.*, 10-10085, 2017 WL 2437207, at *11 (E.D. Mich. June 6, 2017) (Cox, J.). In *Machesney*, the court also noted that the $15,000 sought would make the plaintiff "far more than 'whole'" as it exceeded the $1,500 statutory maximum her individual claim would have been worth. *See id.*; *see also In re Dry Max Pampers*, 724 F.3d at 722 ("[W]e should be most dubious of incentive payments when they make the class representatives whole, or (as here) even more than whole; for in that case the class representatives have no reason to care whether the mechanisms available to unnamed class members can provide adequate relief."). In the case at bar, the statutory award is "actual monetary loss from such a violation or, to receive $500 in damages for each such violation, whichever is

greater." 47 U.S.C. 227(b)(3)(B)[2].

In light of the above, the $5,000 incentive award is excessive. The Court approves a $2000 incentive award to Plaintiff. Such an award is approximately 20 times the maximum that any other class member will receive under the settlement agreement, yet remains consistent with Plaintiff's initial allegations of having received four pre-recorded calls in violation of the TCPA, wherein a maximum of $500 per violation may be awarded. *See* 47 U.S.C. 227(b)(3)(B).

### III. CONCLUSION

For the reasons set forth above, the Court awards and approves attorney fees in the amount of $997,142;

The Court approves expenses in the amount of $13,098.68;

As to the remaining estimated $15,000 of work to be completed after the motions for final approval and attorneys fees were submitted and through the end of this matter, Plaintiffs' counsel should submit a supporting affidavit and time sheets within 21 days of completion of the additional work (to which the multiplier will also be applied); and

The Court approves an incentive award in the amount of $2,000 to the named Plaintiff in this action.

**SO ORDERED.**

                                               s/Nancy G. Edmunds
                                               Nancy G. Edmunds
                                               United States District Judge

---

[2]"If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. 227(b)(3)(B).

Dated: December 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2018, by electronic and/or ordinary mail.

                                 s/Lisa Bartlett
                                 Case Manager