UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL BOWMAN, individually and
on behalf of all others similarly situated,

        Plaintiff,                    Case No. 17-cv-11630-NGE

v.                                       Hon. Nancy G. Edmunds

ART VAN FURNITURE, INC., a Michigan
Corporation,

        Defendant.

_____/

## JULIE VARCHETTI'S RULES 23(H) AND 54(D)(2) MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

Julie Varchetti states as follows for her Rules 23(h) and 54(d)(2) Motion for Attorneys' Fees and Brief in Support:

### MOTION FOR ATTORNEYS' FEES

1. Ms. Varchetti filed a timely objection to the proposed class action settlement and class counsel's fee petition because the amount of attorneys' fees requested was disproportionate to the relief provided to the class. *See* ECF 42, PageID 590-594.

2. The Court overruled Ms. Varchetti's objections to the settlement but reduced the fees awarded to class counsel by $1 million, to the material benefit of the class.

3.  Because Ms. Varchetti's efforts resulted in a benefit to the class of $1 million, she is asking the Court to compensate her for her efforts through an award of $30,000 in attorneys' fees, which is twice the lodestar amount of $15,000, as set forth in the affidavits of her counsel, attached as Exhibits 1 and 2:

    a. Paul E. Varchetti:  25hrs x $400 = $10,000

    b. Kathleen H. Klaus:  12.5hrs x $400 = $5000

4.  The two-times lodestar figure was applied by the Court to the determination of class counsel's fees and is fair and reasonable under the circumstances. *See* December 10, 2018 order, ECF 52, PageID 735.

WHEREFORE, Julie Varchetti respectfully asks the Court to enter an order awarding her $30,000 in attorneys' fees.

# BRIEF IN SUPPORT

*Issues presented:*

1. Is Ms. Varchetti entitled to a fee award for successfully objecting to Class Counsel's fee petition?

2. Is a two-times lodestar amount a fair and reasonable award under the circumstances?

*Relevant authority:*

*Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996)

*In re Southwest Airlines Voucher Litigation*, 898 F.3d 740 (7th Cir. 2018).

"[B]ecause of the skewed incentives in some class action settlements, objectors who bring those incentives back into balance by increasing a settlement's benefit to a class may be compensated for their efforts." *In re Southwest Airlines Voucher Litigation*, 898 F.3d 740, 745 (7th Cir. 2018), citations omitted. The Sixth Circuit has found it appropriate to awards attorneys' fees to objectors like Ms. Varchetti who increase the "common fund" available to a class. *See e.g. Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996). This is because under the "common fund doctrine," "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96, 133 S.Ct. 1537, 185 L.Ed.2d 654 (2013)

In determining whether the $30,000 in requested fees is reasonable, the Court must consider the following six factors:

(1) the value of the benefit rendered to the plaintiff class ...;

(2) the value of the services on an hourly basis;

(3) whether the services were undertaken on a contingent fee basis;

(4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(5) the complexity of the litigation; and

(6) the professional skill and standing of counsel involved on both sides.

*Bowling*, 102 F.3d at 780.

These factors weigh in favor of the modest fee award requested.

First, Ms. Varchetti's objection rendered a significant value to the class, increasing the amount to be distributed from $3.9 million (if Class Counsel's petition had been granted in full) to $4.88 million. *Southwest Airlines*, 898 F.3d at 745 (reversing order denying objector's fee request where objectors provided value significantly in excess of fees requested). No other class member or litigant took on the responsibility of reviewing the fee petition and analyzing it in light of relevant case law.

Second, the fees sought are significantly less than the value provided to the class. The rate used in calculating the lodestar amount is within the range charged by attorneys who practice consumer law in this district and compatible with the rates the Court approved for Class Counsel. *See* Exhibit 2 at ¶3; ECF 52, PageID 733.

Further, society has an interest in rewarding class members who raise successful objections to class counsel's fee requests because often - as in this case - there is no incentive for the defendant or the named plaintiff to review the fee request for reasonableness or to object to the fees. Viable objections to class counsel's fee petitions assist the court by creating an adversary process that frames problems in class counsel's fee request. *See e.g. Redman v. Radio Shack Corp.*,

768 F.3d 622, 629 (7th Cir. 2014). If not compensated for their efforts, class members who raise legitimate concerns about a fee petition would only be rewarded by their *pro rata* share of the settlement, an amount far less than the costs of pursing a viable objection

Finally, the complexity of the issues and professional skill and standing of counsel weigh in favor of awarding fees. The settlement documents were lengthy and complex and Class Counsel mounted a forceful (and someone personal) defense to Ms. Varchetti's objections to Class Counsel's fee request.

Mr. Varchetti's objections to Class Counsel's fee petition were successful and provided a material benefit to the class. Because she contributed to the common fund available to class members, she should be compensated for her efforts. Her request for $30,000 in fees is reasonable and appropriate. She respectfully asks that she be awarded this amount from the class fund.

                                                              */s/ Kathleen H. Klaus*
                                                              Kathleen H. Klaus (P67207)
                                                              Attorneys for Objector Julie Varchetti
                                                              28400 Northwestern Highway
                                                              2nd Floor
                                                              Southfield, MI 48034
                                                              (248) 359-7520
                                                              kklaus@maddinhauser.com

Date: December 20, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorneys for Objector, Julie Varchetti
28400 Northwestern Hwy, 2nd Floor
Southfield, MI 48034
(248) 359-7520
Kklaus@maddinhauser.com

DATED: December 20, 2018