## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**MICHAEL BOWMAN**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ART VAN FURNITURE, INC.**, a Michigan corporation,

    Defendant.

Case No. 17-cv-11630-NGE

Hon. Nancy G. Edmunds

Mag. R. Steven Whalen

## PLAINTIFF'S RESPONSE TO OBJECTOR VARCHETTI'S MOTION FOR ATTORNEY'S FEES

Plaintiff Michael Bowman ("Plaintiff" or "Bowman"), individually and on behalf of a class of similarly-situated individuals, hereby responds to and asks the Court to deny Objector Julie Varchetti's Motion for Attorney's Fees (Dkt. 56) and, in support, states as follows:

1. Plaintiff and Defendant Art Van Furniture, Inc. ("Art Van" or "Defendant")[1] reached a class settlement in this case, and the Court considered the fairness of the settlement's terms and the three objections to the settlement, including that of Julie Varchetti, at the October 24, 2018, Final Fairness Hearing

---

[1] Art Van Furniture, Inc., a Michigan corporation, converted to Art Van Furniture, LLC, a Delaware limited liability company.

1

and in its December 10, 2018, Orders granting final approval to the settlement and approving in part Plaintiff's motion for reasonable attorneys' fees (Dkts. 52, 53).

2.      The Court addressed each of the objections to the settlement in detail, and it ultimately granted final approval to the settlement, concluding that the overall response to the settlement was favorable.

6.      Objector Varchetti and her counsel (which includes Paul E. Varchetti, Objector Varchetti's husband) are not entitled to an award of attorneys' fees because Varchetti was not actually successful in objecting to the settlement—the terms of the settlement were approved by the Court, Varchetti's objection was overruled, and the Court's decision regarding fees for class counsel is a matter inherently reserved for the Court.

7.      However, should the Court elect to award attorneys' fees to Varchetti, the amount requested is inappropriate. Counsel for Varchetti did not bear any risk sufficient to warrant the requested lodestar multiplier, and attorney Paul Varchetti should not receive a fee award in light of his failure to disclose his involvement in the case and the conflicts arising from his relationship with Objector Julie Varchetti.

WHEREFORE, Plaintiff asks the Court to deny Varchetti's motion for attorneys' fees.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE**

**CONCISE STATEMENT OF ISSUES
PRESENTED**

I.    Is Julie Varchetti entitled to attorneys' fees if the Court overruled her

objection in granting final approval to the settlement?

II.   Did Varchetti's counsel face sufficient risk to warrant a multiplier of 2x

her counsel's lodestar?

III.  Should Paul Varchetti be awarded attorneys' fees in light of his failure

to apprise the Court of his involvement in his wife's objection?

## RELEVANT AUTHORITIES

*Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir. 1996)

*Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513 (6th Cir. 1993)

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043 (9th Cir. 2002)

# I.    Introduction

As explained below, Varchetti's motion for attorneys' fees is inappropriate and should be denied. The only basis for such an award would be the creation of an additional, tangible benefit to the Settlement Class. No such benefit was obtained here. As Varchetti herself acknowledges in her Motion for attorneys' fees (Dkt. 56 at 1), the Court overruled her objection to the settlement and correctly recognized that "the determination of fees is ultimately made by the Court, not by the settlement terms." (Dkt. 53 at 16.) Moreover, in regards to the cases discussed in Varchetti's objection, the Court further noted that "Plaintiff has adequately distinguished those cases on which the objecting individual relied". (Dkt. 53 at 14, n. 2.)

Thus, the record is clear that Varchetti and her counsel have not obtained any additional benefit for the Settlement Class—the Court was always tasked with determining Settlement Class Counsel's reasonable attorneys' fees and did so after overruling Varchetti's objection. Accordingly, Varchetti's counsel should not be rewarded for their efforts in this case and Varchetti's motion for attorneys' fees should be denied in its entirety.

However, should the Court decide that Varchetti is entitled to some amount of attorneys' fees, no lodestar multiplier should be applied. Varchetti's counsel was only involved in the case for a short period of time and faced no risks—therefore,

no justification exists for granting a multiplier.

Finally, as for attorney Paul Varchetti, he should not be awarded any attorneys' fees in light of his attempt to conceal his involvement in the case and the conflicts arising from his spousal relationship with Objector Varchetti, who is Paul Varchetti's wife. Paul Varchetti never entered an appearance in the case, his name never appeared in any of the signature blocks of Objector Varchetti's filings, he did not participate in any phone calls with Class Counsel, and he sat at the Final Fairness Hearing as a mere observer, providing no introduction or explanation for his presence.

As the Court will recall, at the Final Approval Hearing, Plaintiff's counsel raised the issue that Paul Varchetti (a longstanding client of Objector Varchetti's attorney Kathleen Klaus) appeared to be the actual party in interest, not Objector Varchetti, and Attorney Klaus stated that such an insinuation was "sad." Paul Varchetti now seeks to recover $20,000 in attorneys' fees, comprising 25 hours of time supposedly spent on the objection plus a multiplier of 2x. Despite his previously undisclosed involvement, it is now clear from Varchetti's fee petition that he was secretly acting as his wife's lawyer, not for the benefit of the Class, but rather to seek his own attorneys' fees. The Court should see through such tactics and deny Paul Varchetti's request for fees.

## II.   VARCHETTI IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES BECAUSE HER OBJECTION WAS

2

**OVERRULED.**

First, the Court should deny Varchetti's motion for attorneys' fees because the Court overruled her objection, granted final approval, and found the settlement terms to be fair, reasonable, and adequate. The Court also held that "the determination of fees is ultimately made by the Court, not by the settlement terms" and that "the overall response to the settlement was favorable". (Dkt. 53 at 16.) Thus, while counsel for Objector Varchetti's states that their work was "necessary in order to secure a fair award for the class" (Dkt. 56-2, ⁋ 5), this is plainly untrue—the Court deemed the settlement fair despite Julie Varchetti's objection, and the fee determination was not a term of the settlement but rather a task for the Court.

Indeed, the Court was *always* responsible for determining what a reasonable attorneys' fee award to Settlement Class Counsel would be, regardless of what any term of the Settlement Agreement stated. The Varchetti objection did not apprise the Court of a responsibility it was not previously aware of, nor did it alert the Court to meaningful authority that effected the Court's determination regarding Class Counsel's reasonable fee award.

Thus, while the Court has discretion to award an objector attorneys' fees, *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 779 (6th Cir. 1996), an objector is not entitled to a fee award unless he or she confers an actual benefit on the Class.

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051–52 (9th Cir. 2002); *In re*

*Prudential Ins. Co. of America Sales Practices Litigation,* 273 F.Supp.2d 563, 565

(D.N.J. 2003). No such benefit has been conferred here by the overruled Varchetti

objection. *See In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,

2010 WL 3328249, at *1–2 (W.D. Ky. 2010) (denying an objector's motion for

fees because "[t]he Court does not believe that the [objector] raised any issues that

the Court would not have considered otherwise when addressing the fairness,

reasonableness, and adequacy of the settlement," and ultimately "[t]here was no

cause and effect between the decisions of this case and the action of the

[objector]"); *In re Polyurethane Foam Antitrust Litig.*, 169 F. Supp. 3d 719, 723

(N.D. Ohio 2016) ("This Court's analysis was not substantially enhanced *because*

*of* CCAF's Objection, nor was the fee reduction ordered by this Court *attributable*

*to* CCAF's arguments."); *In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d

751, 753 (S.D. Ohio 2008) (rejecting objector's bid for attorneys' fees after

reducing class counsel's fees from the requested 24% of the settlement fund to

18% of the fund and noting that "neither objector conferred any benefit

whatsoever on the class or on these proceedings. Smith's only contribution was to

apprise the Court of a case . . . of which this Court was already aware.").

Therefore, while Varchetti's counsel paints their work as integral to the

Court's fee analysis, the record reflects otherwise. The Varchetti objection was

overruled, conferred no meaningful benefit to the Class, and granting the fee petition would in fact be to the Class' detriment[2]—her motion for attorneys' fees should be denied.

### III.   SHOULD THE COURT AWARD ATTORNEYS' FEES, THE AMOUNT OF FEES REQUESTED IS UNREASONABLE.

Though, as explained above, Varchetti's motion for attorneys' fees should be denied in its entirety because the objection was overruled and no benefit was actually conferred to the Settlement Class, should the Court decide that Varchetti is entitled to some amount of attorneys' fees, Varchetti's request for the same 2x lodestar multiplier applied to Settlement Class Counsel's fees should be rejected. No justification for such a multiplier exists, as Varchetti's counsel was only involved in the case for a short period of time and faced no significant risks.

Similarly, attorney Paul Varchetti should not be awarded any attorneys' fees. Attorney Varchetti failed to enter an appearance in the case, failed to sign any of the papers filed by Objector Varchetti in this case, and, by failing to apprise the Court of his involvement in the case, stripped the Court of an opportunity to evaluate the conflicts arising from his relationship with Objector Varchetti. Despite this, he now seeks to recover the bulk of the attorneys' fees sought.

### A.   Varchetti's counsel did not face risk to warrant the requested

---

[2] Any fee award to Varchetti would be awarded from the Settlement Fund, thus diminishing the recovery of the Class.

**lodestar multiplier.**

"[E]nhancing the lodestar with a separate multiplier can serve as a means to account for the risk an attorney assumes in undertaking a case, the quality of the attorney's work product, and the public benefit achieved." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Here, Varchetti asks the Court to award a 2x multiplier—the same multiplier that was awarded to Class Counsel. (Dkt. 56 at 3.)

In other words, Varchetti would have the Court believe that her attorneys undertook the same magnitude of risk in filing a late-in-the-process objection to a class settlement that class counsel undertook in engaging in months of litigation, mediation, and the settlement approval process with no certain reward. Equating the two would be improper. *See Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 815–16 (N.D. Ohio 2010) ("Simply put, a multiplier is not necessary or appropriate given Objector Greenberg and Mr. Frank's very limited role in this litigation and, again, the fact that Mr. Frank's work was straight-forward and is accurately reflected in the lodestar figure."); *In re Petrobras Sec. Litig.*, 320 F. Supp. 3d 597, 601 (S.D.N.Y. 2018) ("As Objector was only involved in the case for a short period of time and faced no risks in his involvement, the Court finds no justification for granting Objector a multiplier. Accordingly, this request is denied. The fact that the Court approved a multiplier for class counsel does not entitle

Objector to a multiplier."); *Park v. Thomson Corp.*, 633 F. Supp. 2d 8, 13 (S.D.N.Y. 2009) ("In granting final approval of the Amended Settlement and class counsel's motion for attorneys' fees, this Court awarded class counsel a 1.5 multiplier. That multiplier was based, *inter alia,* on class counsel's involvement with this action since filing the complaint in March 2005 and the significant risks attendant to the litigation. However, Pentz did not appear in this action until three years later and the time that he devoted to this matter spanned a far shorter interval.").

Simply put, Varchetti and her counsel have not demonstrated any significant risk they faced that would justify awarding the same lodestar risk multiplier awarded to Settlement Class Counsel, and their involvement has been limited in time and scope. The Court should reject Varchetti's request for a 2x multiplier.

### B.   Attorney Paul Varchetti should not be awarded fees.

Finally, attorney Paul Varchetti should not be awarded any attorneys' fees. Paul Varchetti did not file an appearance in the case, did not present himself as an attorney for Objector Varchetti in any of her filings, and did not hold himself out as Objector Varchetti's attorney at the Final Fairness Hearing. Yet despite hiding his involvement he now seeks the bulk of the attorneys' fees (twice that sought by Attorney Klaus) for his wife's objection. (*See* Dkt. 56 at 2.)

As Settlement Class Counsel raised at the Final Approval Hearing, it is their

belief that the objection was in fact driven by Attorney Varchetti. Indeed, Attorney Varchetti appeared at the Final Fairness Hearing in Objector Varchetti's absence. Crucially, neither Varchetti nor attorney Klaus explained his presence at the hearing or his relationship to Objector Varchetti—this frankly demonstrates a lack of candor with the Court. Had the Court been made aware of his involvement at the early stages of Objector Varchetti's objection, the Court could have inquired about conflicts of interest arising from the relationship and taken such conflicts into consideration when evaluating the objection.

Indeed, lawyers acting on behalf of a Class, as Varchetti claims to have done, cannot have such conflicts. *See Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976) ("If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person."); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154–55 (8th Cir. 1999) ("In situations where there is a close familial bond between a class counsel and a class representative, it seems to us that there is a clear danger that the representative may have some interests in conflict with the best interests of the class as a whole when making decisions that could have an impact on attorney fees. . . a conflict of interest exists when a class counsel and a class representative are closely related.").

Paul Varchetti, by masking his involvement in the case until it was time to seek his fees, undoubtedly was aware of the conflict his involvement caused. If it were not an issue, he should have apprised the Court of his role as attorney for his wife and afforded the Court an opportunity to review the propriety of his involvement. The Court was denied such an opportunity and should now decline to grant the $20,000 in attorneys' fees Paul Varchetti seeks—an amount approximately 150 times greater than Julie Varchetti or any other Class member will receive as part of the settlement.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Varchetti's motion for attorneys' fees and grant any further relief that the Court finds just and appropriate.

Dated: January 3, 2018                    **MICHAEL BOWMAN**, individually and
                                          on behalf of all others similarly situated,

                                          By: /s/ Steven L. Woodrow

                                          Steven L. Woodrow
                                          Patrick H. Peluso*
                                          Woodrow & Peluso, LLC
                                          3900 E Mexico Ave., Suite 300
                                          Denver, Colorado 80210
                                          Tel: 720.213.0675
                                          swoodrow@woodrowpeluso.com
                                          *Pro hac vice*

                                          Bradley J. Friedman, Esq. P70877
                                          Law Offices of Bradley J. Friedman, Esq.
                                          30300 Northwestern Hwy, Suite 106
                                          Farmington Hills, MI 48334

9

248-932-3500 (phone)
bfriedmanesq@gmail.com

Stefan L. Coleman, Esq.
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
law@stefancoleman.com

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 3, 2018, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system, which will send copies of such paper to all counsel of record.


<u>/s/ Steven L. Woodrow</u>