UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOWMAN, on behalf of himself
and a similarly situated class,

      Plaintiff,

v.

ART VAN FURNITURE, INC.,

      Defendant.
_____/

Case No. 17-11630

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING JULIE VARCHETTI'S RULES 23(H) AND 54(D)(2) MOTION FOR ATTORNEYS' FEES [56]**

    The Court previously granted final approval of a settlement agreement between the class and Defendant (docket 53) and awarded attorneys' fees for class counsel (docket 52). At that time, the Court addressed objections by three objectors, including those of Julie Varchetti. Objector Varchetti now moves for attorneys' fees pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2)[1]. (Dkt. 56.) Plaintiff filed a response and Varchetti filed a reply. (Dkts. 57, 58.) The Court has reviewed the pleadings before it and no hearing is necessary on this matter. *See* Fed. R. Civ. P. 23(h)(3).

---

[1] It is worth noting the unusual circumstance in which the objector seeks attorneys' fees for both attorney Kathleen Klaus (seeking $10,000 in attorneys' fees), who appeared at the fairness hearing and is the sole signatory on the objection and additional filings with the court, as well as attorney Paul Varchetti (seeking $20,000 in attorneys' fees). Objector's motion for fees is the first time Mr. Varchetti's participation in the role of counsel has been identified to the court despite his presence at the fairness hearing and the issue having been raised by class counsel, who identified him as the objector's husband. Mr. Varchetti is the objector's husband. (Dkt. 58 at 4.) Mr. Varchetti identifies himself as an "attorney for Objecting Class Member Julie Varchetti." (Varchetti Affidavit Dec. 19, 2018, Objector's Mot. Ex. 1, dkt. 56-2.)

"Fees and costs may be awarded to the counsel for objectors to a class action settlement if the work of the counsel produced a beneficial result for the class." *Olden v. Gardner*, 294 Fed. Appx. 210, 221 (6th Cir. 2008) (citing Fed. R. Civ. P. 23). "An objector to a class-action settlement is not normally entitled to a fee award unless he confers a benefit on the class." *In re Cardinal Health, Inc. Securities Litigation*, 550 F.Supp.2d 751, 753 (S.D. Ohio 2008) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002)); *see also In re Polyurethane Foam Antitrust Litigation*, 169 F.Supp.3d 719, 720 (N.D. Ohio 2016) (also citing *Vizcaino*; further noting "[t]he Sixth Circuit's stance on objector awards is less permissive than others.").

Varchetti argues that among her objections, her objection to the amount of the fee award "rendered a significant value to the class, . . . ." (Varchetti Mot. for Fees 5, dkt. 56.) Her objections, including that to the fee award, were considered by the Court and did not influence the final award. The Court decided the fee award issue on its own. Given the amount of the overall settlement and the length and complexity of the case, the Court raised an eyebrow at the proposed fee award before anyone else pointed out the obvious. The Court did not have to look far beyond the case law of its own district to confirm suspicions that the requested fee was too high. While the Court recognizes the value of objectors in the context of a class action, the objector did not add value to the information already available to the Court nor to the Court's full analysis of the attorneys' fees. Varchetti's motion for attorneys' fees will be denied. *See In re Polyurethane Foam Antitrust Litigation,* 169 F.Supp.3d at 721 (denying objector's motion for attorneys' fees, noting that "[t]he common thread running through this explanation is that this Court decided these issues on its own.").

**CONCLUSION**

For the reasons set forth above the Court DENIES objector Julie Varchetti's Rules 23(H) and 54(D)(2) Motion For Attorneys' Fees (dkt. 56).

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 24, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
